1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SATISH RAMACHANDRAN,

Plaintiff,

v.

CITY OF LOS ALTOS, et al.,

Defendants.

Case No.  23-cv-02928-SVK

**ORDER ON:**
  (1) **Defendant Pamela Jacobs' Motion to Dismiss First Amended Complaint [Dkt. 48];**
  (2) **Defendant City of Los Altos' Motion to Dismiss First Amended Complaint [Dkt. 49];**
  (3) **Defendant Pamela Jacobs' Motion to Declare Plaintiff a Vexatious Litigant [Dkt. 50];**
  (4) **Defendant City of Los Altos' Motion for Sanctions [Dkt. 57];**
  (5) **Defendant City of Los Altos' Motion to Strike State Claims [Dkt. 59];**
  (6) **Plaintiff's Administrative Motion for Leave to Object to Reply Evidence [Dkt. 82];**
  (7) **Plaintiff's Administrative Motion for Leave to File RJN re Dkt. 83 [Dkt. 84];**
  (8) **Omnibus Request for Judicial Notice [Dkt. 79];**
  (9) **Defendant Jacobs' Request for Leave to Seek Judicial Notice [Dkt. 87];**
  (10) **Plaintiff's Request to Respond to Jacobs' Request for Judicial Notice [Dkt. 88]; and**
  (11) **Plaintiff's Request to Respond to City's Notice of Supplementary Material [Dkt. 88];**

Plaintiff Satish Ramachandran, proceeding *pro se*, has owned a residential property in the City of Los Altos since 1993.  Dkt. 40 (First Amended Complaint or "FAC") ¶ 1.  Plaintiff sought to renovate his home in 2013, was denied permits by the City of Los Altos, was cited for violations of the Los Altos Municipal Code following the City's inspection of his property in

2018, and asserts he was harmed through a deprivation of constitutional rights and a conspiracy between the City, certain former employees of the City, and his neighbor Pamela Jacobs. *See generally* FAC.  Plaintiff was embroiled in litigation and other proceedings involving Jacobs and the City for approximately six years before Plaintiff filed this action.  The Defendants in this action are Pamela Jacobs ("Jacobs"), the City of Los Altos ("City"), and three former employees of the City:  Kirk Ballard, Jon Biggs, and Chris Jordan (Ballard, Biggs, and Jordan are referred to as the "Individual Defendants").  *See* FAC ¶¶ 2-6.  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 9, 18, 19, 74, 75, 76.

Now before the Court are five motions that the Court will sometimes refer to as the "primary motions":

> (1) Jacobs' motion to dismiss (Dkt. 48);
>
> (2) the City's motion to dismiss (Dkt. 49);
>
> (3) Jacobs' motion to declare Plaintiff a vexatious litigant (Dkt. 50);
>
> (4) the City's motion for sanctions against Plaintiff (Dkt. 57); and
>
> (5) the City's motion to strike Plaintiff's state claims (Dkt. 59).

Also before the Court are:

> (6) Plaintiff's administrative motion for leave to object to reply evidence (Dkt. 82);
>
> (7) Plaintiff's administrative motion for leave to file a request for judicial notice (Dkt. 84);
>
> (8) Jacobs' administrative motion for leave to seek judicial notice (Dkt. 87);
>
> (9) Plaintiff's administrative motion for leave to respond to Jacobs' administrative motion for leave to seek judicial notice (Dkt. 88); and
>
> (10) Plaintiff's administrative motion for leave to respond to the City's notice of supplementary material (Dkt. 91).

Finally, before the Court is:

> (11) an omnibus request for judicial notice that the City filed at the Court's direction on February 2, 2024, which collected all requests for judicial notice

("RJNs") that had been filed by any Party as of that date (Dkt. 79).

For the reasons discussed below, after reviewing the briefing, the case file, and relevant law, the Court **ORDERS** as follows:

(1) Jacobs' motion to dismiss (Dkt. 48) is **GRANTED WITHOUT LEAVE TO AMEND**.

(2) The City's motion to dismiss (Dkt. 49), in which the Individual Defendants joined (Dkt. 77),  is **GRANTED WITHOUT LEAVE TO AMEND**.

(3) The City's motion to strike Plaintiff's state claims (Dkt. 59), in which the Individual Defendants joined (Dkt. 77), is **GRANTED** and the second, fourth, and sixth causes of action asserted under the Bane Act and the eighth cause of action for state discrimination are **STRICKEN**, but the City's request for attorney fees in connection with the motion to strike is **DENIED**.

(4) The Court will hold an in-person hearing on Jacobs' motion to declare Plaintiff a vexatious litigant (Dkt. 50) and the City's motion for sanctions (Dkt. 57) on **June 18, 2024 at 10:00 a.m.**

(5) This order also contains rulings on various administrative motions and requests for judicial notice associated with the pending motions.

## I.     BACKGROUND

The underlying facts concerning Plaintiff's attempt to create an accessory dwelling unit (ADU) and make other improvements to his property beginning in 2013 and the ensuing conflict with the City, various individuals who were then City employees, and his neighbor Pamela Jacobs are discussed in detail in an order issued by Judge Beth Labson Freeman in *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF ("*Ramachandran II*"), in which Judge Freeman granted various parties' motions to dismiss Plaintiff's complaint in that case. *See* ORJN Ex. 20.[1]  As explained in Judge Freeman's order, in July 2018, Defendant Jacobs' lawyer sent the City's attorney a letter regarding alleged code violations on Plaintiff's property.

---

[1] Citations to "ORJN Ex. ___" are to the exhibits to the Omnibus Request for Judicial Notice at Dkt. 79.

*Id.* at 5.  The City subsequently obtained a search warrant, inspected Plaintiff's property, and charged Plaintiff with various violations of the Los Altos Municipal Code.  *Id.* at 5-6.  Many of Plaintiff's allegations in the present case relate to and stem from the 2018 search warrant.  *See, e.g.,* FAC ¶ 136 *et seq*.

### A.     The Parties

#### 1.     Plaintiff Satish Ramachandran

Plaintiff emigrated from India to the United States in 1986.  FAC ¶ 1.  In 1993, he purchased a residence on Santa Rita Avenue in Los Altos, where he has resided through the present.  *Id.*

#### 2.     Defendant Pamela Jacobs

Since approximately 1992, Defendant Jacobs has owned property on Santa Rita Avenue next door to Plaintiff's property.  *Id.* ¶ 6.

#### 3.     Defendant City of Los Altos

Defendant City of Los Altos is a municipality located within this District.

#### 4.     Defendant Kirk Ballard

Plaintiff alleges that from approximately 1993 until October 2021, Defendant Ballard was employed by the City in various positions, including as a building official.  FAC ¶ 5.

#### 5.     Defendant Jon Biggs

Plaintiff alleges that from approximately January 2016 until December 2021, Defendant Biggs was the City's Director of Community Development.  FAC ¶ 4.

#### 6.     Defendant Chris Jordan

Plaintiff alleges that from approximately April 2016 until December 2020, Defendant Jordan was the Los Altos City Manager.  FAC ¶ 3.

### B.     Previous Actions

#### 1.     *Jacobs et al. v. Ramachandran et al.*, **Santa Clara County Superior Court Case No. 17CV312418 (the "Property Action")**

On June 29, 2017, Pamela Jacobs and her husband James filed an action against Mr. Ramachandran in Santa Clara County Superior Court, Case No. 17cv312418 (the "Property

4

Action").  ORJN Ex. 1.  The Jacobses sought to quiet title and obtain declaratory and injunctive relief in this dispute over the boundary line between their respective properties.  *Id.*

Mr. Ramachandran filed a cross-complaint seeking similar relief and adding claims for nuisance and trespass against both James and Pamela Jacobs and for assault and battery against Mr. Jacobs.  ORJN Ex. 2.  At trial, Mr. Ramachandran sought to introduce a July 2018 letter from Ms. Jacobs' counsel to the Los Altos City Attorney, but the trial judge (Hon. Cynthia Lie) issued an order finding this letter "does not support a theory of Intentional Infliction of Emotional Distress, Conspiracy or Collusion" and "that this Exhibit shows only that the Jacobs made a complaint to the City of Los Altos and the Jacobs' counsel summarized a list of code enforcement grievances and provided it to the City."  ORJN Ex. 3.  This letter will be discussed in more detail below.

Following a bifurcated bench trial, the trial court issued judgments in favor of the Jacobses on all causes of action in both their complaint and Mr. Ramachandran's cross-complaint.  ORJN Ex. 4.  The Sixth District  Court of Appeal affirmed the trial court judgments in favor of the Jacobses.  ORJN Ex. 5.

### 2. *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*")

On February 25, 2018, Plaintiff filed a complaint in this District, *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*").  The case was assigned to Magistrate Judge Virginia DeMarchi.  The complaint in *Ramachandran I* originally named a number of defendants including the City, Ballard, and Biggs and alleged the following causes of action:  violation of First Amendment Rights and Fourteenth Amendment rights (equal protection) under 42 U.S.C §1983; discrimination (both State and Federal), and Intentional Infliction of Emotional Distress ("IIED").  ORJN Ex. 1.  Plaintiff would later amend his complaint multiple times, and he ultimately added Jordan as a defendant, dropped his claims for Discrimination and IIED, and added claims against the City for Municipal Liability under 42 U.S.C. §1983.  *See* ORJN Ex. 13.

In 2020, after discovery had closed, Plaintiff sought leave to amend the Third Amended Complaint and to file a Fourth Amended Complaint to include a new cause of action against the

United States District Court
Northern District of California

City defendants for violation of the federal Racketeer Influenced Corrupt Organizations ("RICO") statute.  ORJN Ex. 11.  Plaintiff also sought to add several defendants to *Ramachandran I*, including Pamela Jacobs, the City's former counsel, and Los Altos City Attorneys at the law firm Best, Best, and Krieger.  *Id*. at 3-4; *see also* ORJN Ex. 12 at 5.

Except as noted in this paragraph, Judge DeMarchi denied Plaintiff's request to add new claims and defendants because the proposed pleading "[did] not concern any events post-dating the [Third Amended Complaint] filed in March 18, 2019."  ORJN Ex. 12 at 9.  The court also concluded that Plaintiff unreasonably delayed in seeking leave to amend because he had notice of the facts that would give rise to such claims:  "[I]t appears that the facts underlying Mr. Ramachandran's proposed amendments were known to him as of the date he filed the [Third Amended Complaint], and that he delayed for nearly a year thereafter to further amend his complaint.  There is no justification for this prolonged delay."  *Id*. at 10 (emphasis added).  Consequently, Judge DeMarchi denied Plaintiff's request to add a civil RICO claim, a state law claim for intentional infliction of emotional distress, and certain defendants.  *Id*. at 16.  However, Judge DeMarchi granted Plaintiff's request to add two *Monell* claims and to add Jordan as a defendant on the section 1983 claims.  *Id*. at 17.  Plaintiff then filed the Fourth Amended Complaint.  ORJN Ex. 13.

Defendants moved for summary judgment on the claims in the Fourth Amended Complaint, and in January 2021, Judge DeMarchi granted in part and denied in part the motion. ORJN Ex. 14 at 1, 31.  The court granted summary judgment in the defendants' favor on Plaintiff's equal protection claim for failing to establish a genuine issue of material fact of racial discrimination or any violation of equal protection under the Fourteenth Amendment.  *Id*. at 29-30. The court reasoned that Plaintiff presented "no admissible evidence that supports an inference of discrimination, let alone an inference of a custom or practice."  *Id*. at 25.  The court also granted summary judgment on some of the claims of *Monell* liability against the City.  *Id*. at 28-30.  The court denied summary judgment on Plaintiff's claim for violation of his First Amendment rights as to defendants Jordan and Ballard, holding that there was a genuine issue of material fact as to whether Plaintiff was retaliated against by the City defendants for bringing a lawsuit against them.

*Id.* at 18-19.  The court also denied summary judgment on a portion of one of the *Monell* claims that was based on the conduct of the individuals as alleged final decision makers or final policy makers for the City.  *Id.* at 28-30.

In June 2022, the City defendants moved the court to stay the proceedings in *Ramachandran I*, arguing that the matter could not proceed to trial until administrative proceedings between Plaintiff and the City defendants had resolved.  *See* ORJN Ex. 15. Judge DeMarchi granted a stay, finding that (1) relatively little harm would result from granting a stay, (2) it would be unfair to require defendants to proceed to trial without the benefit of a final decision in the administrative matter, and (3) the resolution of the proceedings would simplify the presentation of evidence in this case.  *Id.* at 4-8.

As of the date of this order, *Ramachandran I* remains pending.  Judge DeMarchi held a case management conference on April 9, 2024 at which she lifted the stay, set a deadline for the defendants to file motion(s) addressing the impact of various state court cases on the remaining First Amendment issues, and set a jury trial for September 2024.  *See Ramachandran I* Dkt. 365. Judge DeMarchi further ordered that "[t]he Court will not re-open discovery or permit further motion practice on the Fourteenth Amendment claims that the Court has already resolved against Mr. Ramachandran" in the court's summary judgment order in that case.  *Id.*

### 3. *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-03693-BLF ("*Ramachandran II*")

In August 2020, Plaintiff filed another lawsuit in this District, *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF ("*Ramachandran II*").  ORJN Ex. 16.  That case was assigned to Judge Freeman.  The complaint in *Ramachandran II* asserted the following causes of action against the City Defendants (but did not include Jon Biggs as a defendant): violation of Plaintiff's First Amendment Rights under 42 U.S.C §1983 and violation of his Fourteenth Amendment rights under 42 U.S.C §1983 (equal protection).  *Id.* ¶¶ 119-128.  The complaint also alleged RICO liability under 18 U.S.C. §1962(c) and (d) against various City employees as well as Pamela Jacobs and a law firm and two attorneys from that firm who had represented the City (Best, Best & Krieger, Christopher Diaz, and Christina Hickey), based on

allegations that various City actors collaborated against Plaintiff in issuing citations of code violations and taking enforcement actions against him.  *Id.* ¶¶ 129-131. The complaint also included a claim for intentional infliction of emotional distress against Jacobs.  *Id.* ¶¶ 132-135.

In August 2020, the City defendants moved to dismiss the claims against them in *Ramachandran II*, arguing in relevant part that the doctrine of claim-splitting barred the claims. Judge Freeman granted the motion and dismissed with prejudice the operative complaint.  ORJN Ex. 20.  In the order, the court held that the claims against the City defendants were barred for claim-splitting based on the allegations made in *Ramachandran I*, ruling that Plaintiff should have brought the claims in that action.  *Id.* at 12-16.  Specifically, the court found that *Ramachandran I* and *Ramachandran II* arose from the same transactional nucleus of facts, despite the addition of the RICO claim in *Ramachandran II* which did not exist in *Ramachandran I*, because "Mr. Ramachandran has pled his RICO claim as predicated on the same transactional nucleus of facts as his Section 1983 claims against the City Employee Defendants."  *Id.* at 14.  Further, the court found that the same rights were alleged to have been infringed in *Ramachandran II* as in *Ramachandran I* because the RICO claim was "predicated on a scheme resulting in an injury to his property rights and his ability to develop his property to produce rental income," and *Ramachandran I* claimed "an injury to his property rights" as well.  *Id.* at 15.

During the pendency of *Ramachandran II*, Plaintiff added a claim for malicious prosecution based on dismissal of the state court misdemeanor charge stemming from the 2018 search of Plaintiff's property.  *See* ORJN Ex. 16 ¶ 106; ORJN Ex. 17 at 2; ORJN Ex. 21 at 2. Judge Freeman's dismissal order did not dispose of this claim, which was not addressed by the motions to dismiss.  *See* ORJN Ex. 20 at 19.  However, Judge Freeman subsequently denied Plaintiff's motion for leave to amend his malicious prosecution claim to add new parties and new facts, finding that Plaintiff was not diligent in seeking the amendment.  ORJN Ex. 23 at 4.  On April 8, 2021, Plaintiff voluntarily dismissed *Ramachandran II*.  ORJN Ex. 24.  No appeal was taken in that case.  *See* ORJN Ex. 25.

United States District Court
Northern District of California

### 4. *Ramachandran v. City of Los Altos, et al.*, Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*")

Following the dismissal of *Ramachandran II*, Plaintiff filed another action asserting the same claims, this time in state court, *Ramachandran v. City of Los Altos et al.*, Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*"). The causes of action asserted in *Ramachandran III* included: Malicious Prosecution, violation of the Bane Act, Civil Code § 52.1, violation of the Unruh Act, Civil Code §§ 51, 52. ORJN Ex. 26. Plaintiff also named Pamela Jacobs as a defendant. *Id.* Plaintiff's claims alleged unfair treatment, discrimination, falsifying code violations through executing an inspection warrant, and improperly prosecuting him. *Id.*

In February 2022, the City defendants filed a motion to strike the *Ramachandran III* complaint pursuant to Code of Civil Procedure § 425.16 ("anti-SLAPP Motion"), arguing that Plaintiff's claims arose from the City defendants' petitioning activity in bringing a criminal action against Plaintiff and investigating Plaintiff's suspected violations of the municipal code. ORJN Ex. 27. Specifically, the City defendants argued that Plaintiff's claims should be stricken because the malicious prosecution claim was barred by governmental immunities, the Bane and Unruh Act claims failed to comply with Government Code §§ 905 and 945.6 ("Tort Claims Act"), and all claims were independently barred by res judicata. *Id.* Jacobs also filed an anti-SLAPP motion to strike in *Ramachandran III* that made similar arguments. ORJN Dkt. 28.

In June 2022, the Superior Court entered orders granting the City and Jacobs' motions to strike in their entirety. ORJN Ex. 29, 30. The Parties disagree about whether Plaintiff appealed the orders. Jacobs and the City assert that "Plaintiff has two pending appeals in the matter but they were not taken from the Court's judgment dismissing the claims with prejudice." Dkt. 49 at 10 n.6; Dkt. 48 at 10 n.4. Instead, according to Defendants, Plaintiff appealed the attorney fees award and an order denying a motion to set aside the judgment that was brought under Code of Civil Procedure § 473. *Id.*; *see also* ORJN Ex. 34. Plaintiff, on the other hand, states that he appealed "both the judgment and the attorney's fees award." Dkt. 64 at 14 (citing Sixth District Court of Appeals Case Nos. H051230 and H050773). The City identifies Appeal No. H050773 as the appeal of the attorney fees order and Appeal No. H050773 as the appeal of the order denying Plaintiff's motion to set aside the judgment. Dkt. 78 at 6-7.

9

On March 14, 2024, the Sixth District Court of Appeals dismissed Appeal No. H051230 as untimely.  Dkt. 86 at Ex. A.  Plaintiff's opening brief in Appeal No. H050773 is due this month. *Id.*

### 5.    OAH Proceedings and State Court Writ Action ("OAH Matter" or *Ramachandran IV*")

As briefly discussed above, in September 2018, following an inspection of Plaintiff's property, the City issued a Violation Letter finding violations of the Los Altos Municipal Code ("LAMC"), which Plaintiff thereafter appealed to the City.  *See* ORJN Ex. 35 at 3-4.  The City referred the matter to the Office of Administrative Hearings ("OAH"), which held an evidentiary hearing in August 2021.  *See id.*  After the hearing, the OAH issued an order concluding that Plaintiff's property violated certain provisions of the LAMC.  *Id.*

Plaintiff subsequently filed a petition for writ for administrative mandamus in Santa Clara County Superior Court concerning the OAH decision, styled *Ramachandran v. City of Los Altos*, Santa Clara County Superior Court Case No. 21CV386694 ("*Ramachandran IV*").  *See* ORJN Ex. 36.  The superior court sustained the City's demurrer to the writ, and the superior court dismissed the case with prejudice in February 2023.  ORJN Ex. 39.  Plaintiff appealed, and on April 3, 2024, the Sixth District Court of Appeal dismissed the appeal as untimely.  Dkt. 90, Ex. B.

### C.    This Action

Plaintiff filed this action on June 14, 2023.  Dkt. 1. Rather than opposing various pleading motions filed by Jacobs and the City (Dkt. 31, 32, 36), Plaintiff exercised his right under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B) to file the First Amended Complaint on October 12, 2023.  The FAC, which is the operative complaint in this case,  contains 14 causes of action, which Plaintiff delineates as follows:

| Number | Cause of Action | Defendants |
|---|---|---|
| 1 | First Amendment Violation | City<br>Individual Defendants |
| 2 | Violation of the Bane Act, California Civil Code § 52.1; Right to Redress Government for Redress of Grievances, Per Article I, § 3 of California's Constitution | Jacobs<br>City<br>Individual Defendants |

| 3 | Fourth Amendment Violation – Unreasonable Search | Jacobs<br>City<br>Individual Defendants |
| 4 | Violation of the Bane Act, California Civil Code § 52.1; Prohibition Against Warrantless Property Searches, Per Article I, § 13 of California's Constitution | Jacobs<br>City<br>Individual Defendants |
| 5 | Fourteenth Amendment Violation - Equal Protection | Jacobs<br>City<br>Individual Defendants |
| 6 | Violation of the Bane Act, California Civil Code § 52.1; Breach of Due Process Rights to be Free from Criminal Charges on the Basis of False Evidence, Per Article I, § 7 of California's Constitution | City<br>Individual Defendants |
| 7 | Fourteenth Amendment Violation (*Monell*) | City |
| 8 | Discrimination – State and Federal | City<br>Individual Defendants |
| 9 | Conspiracy to Interfere with Civil Rights | Jacobs<br>City<br>Individual Defendants |
| 10 | Neglect | Jacobs<br>City<br>Individual Defendants |
| 11 | Conspiracy Against Rights | Jacobs<br>City<br>Individual Defendants |
| 12 | Deprivation of Rights under Color of Law | Jacobs<br>City<br>Individual Defendants |
| 13 | RICO | Jacobs<br>Individual Defendants |
| 14 | Intentional Infliction of Emotional Distress | Jacobs |

FAC at pp. 114-132.

This Court referred the case to Judge DeMarchi to determine if it was related to *Ramachandran I*. Dkt. 5. Judge DeMarchi declined to relate the cases, explaining that "[w]hile the allegations and defendants in all three of Mr. Ramachandran's cases overlap, the Court determines that Case No. 23-cv-2928 should not be related to Case No. 18-cv-1223, as relating the cases will not avoid 'an unduly burdensome duplication of labor and expense if the cases are conducted before different judges.'" Dkt. 6 at 1 (citing Civ. L.R. 3-12(a)(2)). Judge DeMarchi noted that *Ramachandran I* was stayed pending the conclusion of additional litigation in state court, which "appears close to resolution" and which the City defendants claimed would have a

1    "potentially dispositive effect" on *Ramachandran I*.  *Id.* at 1-2.

2        Judge Freeman similarly declined to relate this case to *Ramchandran II*, finding that

3    "[w]hile the allegations and the defendants in the cases overlap … because *Ramachandran II* has

4    been concluded for over two years, relating the cases will not avoid a duplication of labor and

5    expense."  Dkt. 11 at 1-2.

6        The motions to dismiss brought by Defendants Jacobs and the City (Dkt. 48, 49) and the

7    City's motion to strike (Dkt. 59) that are now before the Court relate to the FAC.  In addition,

8    Jacobs has moved to have Plaintiff declared a vexatious litigant (Dkt. 50), and the City has moved

9    for sanctions against Plaintiff (Dkt. 7).  The Individual Defendants have joined the City's motion

10   to dismiss, motion to strike and motion for sanctions.  Dkt. 77.  Except where noted, references to

11   the "City" in this order encompass the Individual Defendants.

12       On January 16, 2024, the Court held a status conference to discuss an efficient way to

13   proceed on the numerous motions now before the Court.  The Court set a briefing schedule that

14   combined the briefing on certain motions and required the filing of an omnibus request for judicial

15   notice ("ORJN") that encompassed all of the individual requests for judicial notice that had been

16   filed as of the due date of the ORJN.  Dkt. 76.  The Court also directed that, with certain

17   exceptions, the Parties needed leave of Court to file any additional motions or requests for judicial

18   notice before the Court ruled on the primary motions.  *Id.*  Briefing on the five primary motions

19   has been completed.

20       The City subsequently filed the ORJN as directed by the Court.  Dkt. 79.

21       Following the January 16 status conference, the Parties have filed the following additional

22   motions and materials:

23       • Plaintiff's motion for leave to file objections to evidence and arguments

24         submitted by the City and Jacobs in their reply briefs on the motions to dismiss

25         (Dkt. 82);

26       • Plaintiff's administrative motion for leave to file an additional request for

27         judicial notice (Dkt. 84);

28       • The City's notices of supplementary material, specifically orders from the Sixth

United States District Court
Northern District of California

District Court of Appeals dismissing two of Plaintiff's state court appeals (Dkts. 86, 90);

- Jacobs' administrative motion for leave to request judicial notice of the Sixth District Court of Appeals' dismissal order (Dkt. 87); and

- Plaintiff's administrative motions to file responses to the Defendants' submissions regarding the Sixth District Court of Appeals' dismissal orders (Dkts. 88-89 and 91-92).

## II.    REQUESTS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court may take judicial notice on its own, and must take judicial notice if a party requests it and the court is supplied with the necessary information.  Fed. R. Ev. 201(c)(1), (2).

Courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132.  Accordingly, the Court takes judicial notice of the following documents, which are records from federal and state court actions involving Plaintiff:  ORJN Exs. 1 to 34, 36 to 41, and 44-46 (Dkt. 79-1 to 79-34, 79-36 to 79-43, and 79-47  to 79-49); Exs. 1 to 3 submitted with Jacobs' reply brief on the motion to dismiss and motion to declare Plaintiff a vexatious litigant (Dkt. 81 at Exs. 1 to 3); the March 14, 2024 order by the Sixth District Court of Appeals dismissing Plaintiff's Appeal No. H051230 (Dkt. 87-1, Ex. A and Dkt. 86, Ex. A); and the April 3, 2024 order by the Sixth District Court of Appeals dismissing Plaintiff's Appeal No. H051615 (Dkt. 90, Ex. B).  In taking judicial notice of these and other documents, the Court notes that although it may judicially notice undisputed matters of public record, *i.e.*, that a particular document was filed, that an order was issued, it may not and does not take notice of any disputed facts stated in those public records. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020).

Following the filing of the ORJN, Plaintiff sought leave to request judicial notice of

Exhibits 1 and 2 to Plaintiff's opposition to the City's motion for sanctions and to strike.  Dkt. 84.

Plaintiff's opposition brief identifies Exhibit 1 as Dkt. 58 in *Ramachandran II*.  Dkt. 83 at 4 n.2.

That document is the motion to dismiss Jacobs filed in that case.  Plaintiff's opposition brief

identifies Exhibit 2 as an excerpt from the trial transcript of the 2017 action in Superior Court in

which Jacobs' counsel, David Marks, stated:  "Your Honor, I would like to clarify.  I did not make

a complaint."  Dkt. 83 at 6, 10, and n.3.  Neither Jacobs nor the City filed a response to Plaintiff's

request for leave to seek judicial notice of these documents, and neither Defendant disputed

Plaintiff's characterization of the statement at the 2017 state court trial.  Accordingly, because

Exhibits 1 and 2 to Plaintiff's opposition brief at Dkt. 83 are also documents from federal and state

court proceedings, the Court takes judicial notice of them.

Courts may also take judicial notice of records and reports of state administrative bodies,

such as the Office of Administrative Hearings ("OAH").  *Paul G. v. Monterey Peninsula Unified

School Dist.*, 256 F. Supp. 3d 1064, 1071 (N.D. Cal. 2017) (taking judicial notice of OAH filings

and orders).  Accordingly, the Court takes judicial notice of the OAH decision at ORJN Ex. 35

(Dkt. 79-35).

ORJN Exs. 42 and 43 are an unredacted July 3, 2018 letter from E. David Marks, Esq. to

Christopher Diaz, Esq. and the exhibit to that letter.  Dkt. 79-44 to 79-46 (the "2018 Letter").  In

the underlying request for judicial notice, Jacobs explains that she is requesting that the court

consider these documents under the doctrine of incorporation by reference because Plaintiff refers

extensively throughout the FAC to a July 2018 letter and attached a redacted copy of the letter

without its exhibits as Exhibit 5 to the FAC.  Dkt. 51 at 5.  "Incorporation-by-reference is a

judicially-created doctrine that treats certain documents as though they are part of the complaint

itself."  *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d at 813 (citing *Khoja v. Orexigen

Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hogan v. Khoja*, --

U.S. --, 139 S. Ct. 2615 (2019)).  This doctrine permits a court to consider a document on a motion

to dismiss if the complaint refers extensively to the document or it forms the basis of the plaintiff's

claim.  *Id.*  Because the FAC contains numerous references to the 2018 Letter and attaches an

incomplete copy of the letter (in redacted form, without exhibits), the Court finds that it may

1    consider ORJN Exs. 42 and 43 under the incorporation by reference doctrine.

2         The Court has considered the arguments in Plaintiff's objections to the Court taking

3    judicial notice of certain of the foregoing documents and Plaintiff's requests for leave to file such

4    objections (*see, e.g.,* Dkt. 62, 65, 82, 88, 91), finds them to be without merit, and therefore

5    **OVERRULES** the objections.[2]

6         The Court further **ORDERS** that in any subsequent filings in this litigation, the Parties

7    must refer to documents of which the Court has taken judicial notice by reference to the

8    underlying document (*e.g.*, ORJN Ex. #) rather than submitting new requests for judicial notice of

9    such documents.

10   ### III.   MOTIONS TO DISMISS BY JACOBS (DKT. 48) AND THE CITY (DKT. 49)

11        Both Jacobs and the City move to dismiss the FAC in its entirety.  Dkt. 48, 49.  The

12   Individual Defendants join in the City's motion to dismiss.  Dkt. 77.  In light of the extensive

13   litigation history between the Parties recited above and the voluminous record before it, the Court

14   deems these motions suitable for determination without oral argument.  Civ. L.R. 7-1(b).

15        ### A.   Legal Standard

16        Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint

17   if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, a

18   court may consider only "the complaint, materials incorporated into the complaint by reference,

19   and matters of which the court may take judicial notice."  *Metzler Inv. GmbH v. Corinthian Colls.,*

20   *Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the

21   court must presume the plaintiff's allegations are true and draw all reasonable inferences in the

22   plaintiff's favor.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is

23   not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

24   _____

25   [2] Plaintiff requested a hearing in connection with certain of Defendants' requests for judicial
     notice.  *See* Dkt. 62, 65.  Federal Rule of Evidence 201(e) provides:  "On timely request, a party is

26   entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be
     noticed.  If the court takes judicial notice before notifying a party, a party, on request, is still

27   entitled to be heard."  Plaintiff has had an opportunity to be heard on Defendants' requests for
     judicial notice through his filings on the pending motions, and the Court has considered Plaintiffs'

28   objections and ruled as indicated herein.  *See Longacre v. Kitsap Cnty.*, 744 Fed. Appx. 450, 451
     (9th Cir. 2018).  Accordingly, the Court denies Plaintiff's request for an additional hearing.

United States District Court
Northern District of California

1    fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2    2008) (citation omitted).

3        To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to

4    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This

5    "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer

6    possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

7        If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that

8    the complaint's deficiencies cannot be cured by amendment.  *Eminence Capital, LLC v. Aspeon,*

9    *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003);

10       **B.    Causes of Action Improperly Based on Criminal Statutes**

11       To streamline the remaining discussion, the Court first disposes of two causes of action in

12   the FAC that improperly rely on criminal statutes.  Plaintiff's eleventh cause of action for

13   conspiracy against rights is based on 18 U.S.C. § 241.  *See* FAC ¶ 338.  Plaintiff's twelfth cause of

14   action for deprivation of rights under color of law is based on 18 U.S.C. § 242.  *See id.* ¶ 342.

15   However, sections 241 and 242 are "criminal provisions" and "provide no basis for civil liability."

16   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Malberg v. Cashen*, No. 22-cv-

17   01788-BLF, 2022 WL 4544729, at *3 (N.D. Cal. Sep. 28, 2022), *aff'd*, 2023 WL 4418598

18   (9th Cir. 2023).  Plaintiff concedes that the claims based on sections 241 and 242 should be

19   removed.  Dkt. 63 at 23.  Accordingly, the eleventh cause of action (conspiracy against rights) and

20   twelfth cause of action (deprivation of rights under color of law) are **DISMISSED WITHOUT**

21   **LEAVE TO AMEND** as to all Defendants.

22       **C.    Claim Splitting**

23       The City argues that Plaintiff's remaining claims in this action are barred by the doctrine of

24   claim splitting in light of Plaintiff's claims in *Ramachandran I*.  Dkt. 49 at 12-16.  "Plaintiffs

25   generally have no right to maintain two separate actions involving the same subject matter at the

26   same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit*

27   *Union Int'l,* 30 F.4th 879, 886 (9th Cir. 2022) (citing *Adams v. Cal. Dep't of Health Servs.,*

28   487 F.3d 684, 688 (9th Cir. 2007), *rev'd on other grounds, Taylor v. Sturgell*, 553 U.S. 880, 904

United States District Court
Northern District of California

(2008)) (internal quotation marks omitted).  In assessing whether an action is duplicative of an earlier action, courts "borrow from the test for claim preclusion," also called res judicata, and examine whether the causes of action, as well as the parties or privies to the action, are the same in both actions.  *Mendoza*, 30 F.4th at 886 (citing *Adams*, 487 F.3d at 688-89).

### 1.      Same causes of action and relief sought

In determining whether the causes of action in this case and *Ramachandran I* are the same for purposes of the claim splitting doctrine, the Court applies the transaction test.  *See Adams*, 487 F.3d at 689.  Application of this test requires examination of four criteria:  "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Id.* (citation omitted).  "The last of these criteria is the most important."  *Id.* (citation omitted).

### a.      Same transactional nucleus of facts

The Court starts with the "most important" criteria by considering whether this case and *Ramachandran I* arise out of the same transactional nucleus of facts.  "Whether two events are part of the same transaction or series [of transactions] depends on whether they are related to the same set of facts and whether they could be conveniently tried together."  *Id.* (citation omitted).

This case and *Ramachandran I*  arise out of the same transactional nucleus of facts because both suits are predicated primarily on events occurring between 2013 and 2018 in which Plaintiff unsuccessfully attempted to renovate his home, the City approved Defendant Jacobs' plans to make improvements to her home, and Jacobs' lawyer wrote to the City regarding code violations on Plaintiff's property which resulted in an inspection of Plaintiff's property and citation of Plaintiff for municipal code violations.  *See generally* FAC; ORJN Ex. 13 (Fourth Amended Complaint in *Ramachandran I).*

The Fourth Amended Complaint in *Ramachandran I* explicitly focuses on the period 2013-2018.  *See, e.g.,* ORJN Ex. 13 ¶¶ 10-80.  By contrast, Plaintiff suggests that the relevant time

1    period in this case is 1998 (or an unidentified "earlier" date) to present.  *See, e.g.*, FAC ¶¶ 52(e),

2    56, 67, 97, 99, 262, 271, 278, 312, 313, 318, 323, 330.  However, the specific series of events

3    upon which Plaintiff's FAC in this case relies began in 2013, when the City denied Plaintiff's

4    plans to improve his property.  *See, e.g., id.* ¶ 100.  He states that the "metastasis" of the alleged

5    conspiracy occurred in the same period that is the focus in *Ramachandran I*:  2013-2018  *Id.* ¶ 62;

6    *see also id.* ¶¶ 109, 123, 140.  Although the FAC in this case contains some allegations regarding

7    events that post-date 2018, they mainly concern Plaintiff's acquisition of evidence through

8    litigation and public records act requests that "confirms" his allegations of events in the

9    2013-2018 time period, particularly the circumstances surrounding the 2018 Letter.  *See, e.g.,*

10   *id.* ¶ 113 ("In 2019-2020, and as recently as August of 2023, Defendants produced records in

11   litigation discovery and in responses to Public Record Act requests that enabled Plaintiff to

12   establish a time sequence and the particularities of this facet of the Conspiracy").

13        The FAC in this case also refers to certain testimony, statements, and conduct by the City

14   and Individual Defendants during litigation in the post-2018 period.  For example, the FAC

15   focuses on the City's lodging of the August 2018 application for a search warrant with the OAH,

16   which Plaintiff contends omitted the 2018 Letter "to conceal the clandestine nature of the Jacobs

17   Letter from the courts and Plaintiff."  *See, e.g., id.* ¶ 72.  In addition, the FAC repeatedly refers to

18   2020 testimony by City employees concerning the City's changing demographics and the City's

19   decision-making processes.  *See, e.g., id.* ¶¶ 39, 41.  The FAC also accuses the City of making

20   misrepresentations to various courts, including in *Ramachandran I  See, e.g., id.* ¶¶ 40, 76, 117,

21   141, 156.  However, all of this more recent litigation conduct stems from the same transactional

22   nucleus of facts as *Ramachandran I* because none of the litigation conduct was a new act creating

23   a new injury separate from the injury Plaintiff alleged in *Ramachandran I.  See MGA*

24   *Entertainment, Inc. v. Mattel, Inc.*, No. SACV 11-01063 DOC(RNBx), 2012 WL 569389, at *8

25   (S.D. Cal. Feb. 21, 2012).  As in this case, Plaintiffs' allegations in *Ramachandran I* stem largely

26   from the 2018 Letter, search warrant, and inspection of Plaintiff's property.  *See, e.g.,* ORJN Ex.

27   13 (Fourth Amended Complaint in *Ramachandran I*) ¶¶ 62-71.  Judge DeMarchi discussed the

28   2018 Letter in her summary judgment order in *Ramachandran I* and noted that Plaintiff was

United States District Court
Northern District of California

18

"[r]elying principally on the existence of communications between counsel charged with prosecuting violations on behalf of Los Altos and defendants' counsel in this action" in asserting that "defendants coordinated their actions to manufacture a basis for Los Altos to obtain an inspection warrant without cause as a pretext to examine Mr. Ramachandran's property."  ORJN Ex. 14 at 4.  The summary judgment order also addressed Plaintiff's allegations regarding the City obtaining a search warrant in reliance on a declaration from Defendant Ballard that Plaintiff claims was false and misleading.  *Id*. at 5.

Further evidence of the factual overlap between *Ramachandran I* and this case can be found in a joint status report filed in *Ramachandran I* on April 3, 2024.  *Ramachandran I* Dkt. 361 at 4-5.  Plaintiff's list of "issues remaining to be resolved" in *Ramachandran I* included "Whether frauds were perpetuated on Superior Courts to obtain a search warrant?" and "Whether frauds were perpetrated on administrative courts in the OAH/Writ matter, or upon the Superior Court during the Writ proceeding (21CV386694), nullifying the implicated judgments from having any 'preclusive' impact on [*Ramachandran I*]?"  *Id.* at 4.  As discussed above, these issues parallel those raised by Plaintiff in the FAC in this case.  *See, e.g.,* FAC ¶ 147 ("Defendant City, citing the Jacobs Letter as pretext, requested and obtained an illegal warrant from Superior Court. In so doing, they perpetrated extensive Frauds on Superior Court to which Defendant Ballard and co-conspirator attorney Hickey admitted in sworn testimonies."); FAC ¶¶ 148 (alleging that the City "did not produce the Jacobs Letter—a public record—to the OAH"; "edited out, i.e., excised, knowingly the Letter from the record it lodged with the OAH purporting it to be the 2018 Application for Warrant filed in Superior Court in August of 2018"; and "again edited the Letter (and other documents) out of the record it filed in October of 2021 in Superior Court purporting it to be the OAH Administrative Record.").[3]

---

[3] As noted above, Judge DeMarchi denied Plaintiff's request  to reopen discovery on issues identified by Plaintiff, stating that "[t]he Court will not re-open discovery or permit further motion practice on the Fourteenth Amendment claims that the Court has already resolved against Mr. Ramachandran" in the court's summary judgment order in that case.  *Ramachandran I* Dkt. 365 at 1.

United States District Court
Northern District of California

1    Accordingly, the Court concludes that this case and *Ramachandran I* arise out of the same

2    transactional nucleus of facts.

3    **b.    Infringement of the same right or interest**

4    Whether two actions involve infringement of the same rights or interest depends on

5    whether the two actions assert the "same overall harms and primary rights."  *Mpoyo v. Litton*

6    *Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  Plaintiff asserts some of the same causes

7    of action in this case and *Ramachandran I*.  In both cases, Plaintiff has alleged claims for violation

8    of his First Amendment rights (*compare* FAC ¶¶ 278-282 *with* ORJN Ex. 13 ¶¶ 86-91); violation

9    of his Fourteenth Amendment rights (*compare* FAC ¶¶ 301-307 *with* ORJN Ex. 13 ¶¶ 92-95);

10   discrimination (*compare* FAC ¶¶ 317-321 *with* ORJN Ex. 9 ¶¶ 137-141); and *Monell* liability

11   (*compare* FAC ¶¶ 311-316 *with* Ex. 13 ¶¶ 96-99).  Although, as discussed in the preceding

12   section, Plaintiff's FAC in this case sometimes refers to a broader time period and cites additional

13   evidence that may support these claims, the overall harms and primary rights are the same in the

14   overlapping causes of action in both cases.

15   Although Plaintiff asserts additional causes of action in this case that he did not plead in

16   *Ramachandran I*—such as a RICO claim, violations of the Bane Act, violation of Fourth

17   Amendment Rights, conspiracy to interfere with civil rights, and neglect—the issue is whether the

18   nature of the rights and harms alleged is the same.  *See, e.g., Anguiano-Tamayo v. Wal-Mart*

19   *Associates, Inc.,* No. 18-cv-04598-JSC, 2019 WL 359417 (N.D. Cal. Jan. 29, 2019) (same primary

20   rights were involved over wage statement claims even though the later-filed action included a

21   distinct claim under the labor code because both cases sought the same relief).  Here, the nature of

22   the rights and harms alleged in the two actions is the same.

23   The most significant difference between Plaintiff's operative allegations in this case and

24   those in *Ramachandran I* is his allegation here that Defendants were engaged in a conspiracy.

25   However, in light of the history of Plaintiff's various previous litigation, that difference does not

26   establish that this case involves a different right or interest.  In *Ramachandran I*, Plaintiff

27   unsuccessfully attempted to amend his complaint to assert conspiracy claims, including a RICO

28   claim.  *See* ORJN Exs. 11 and 12.  Specifically, in February 2020, Plaintiff sought to add Jacobs

United States District Court
Northern District of California

20

United States District Court
Northern District of California

as a defendant "as part of a Section 1983 conspiracy claim" that focused on "events that occurred in July through October 2018." ORJN Ex. 11 at 3-4. In his motion for leave to amend, he explained that "[a]t the center of the conspiracy is the September 1, 2018, execution of a search warrant" and the application for the search warrant, which Plaintiff claimed was supported by "the false and fraudulent affidavit of Kirk Ballard." *Id.* at 4. Plaintiff claimed "[t]his was done in furtherance of the conspiracy and in response to a July 3, 2018, letter from Pamela Jacobs, through her attorney, to the City of Los Altos." *Id.* Plaintiff sought to add a new RICO claim that ran "parallel to the *Monell* claim alleging a custom and practice of discrimination against minority homeowners in Los Altos." *Id.* Plaintiff explained that "[t]his is not the typical RICO fraud scheme designed to obtain money or property through extortion or false pretenses" but was instead "a racist scheme designed to damage non-white homeowners, and unjustly enrich white homeowners, by inflicting injuries to non-white homeowners in their properties and businesses, i.e., developing, improving, and renting residential units in Los Altos." *Id.*

In an order dated April 20, 2020, Judge DeMarchi denied Plaintiff's motion to add a RICO claim in *Ramachandran I*. ORJN Ex. 12. She found that Plaintiff had inexcusably delayed in seeking leave to amend and that his proposed amendments would substantially delay resolution of that case. *Id.* at 10-11. She also found that adding the RICO claim would cause prejudice to the City and other defendants in that case. *Id.* at 12-13. In discussing the issue of prejudice, Judge DeMarchi stated that the RICO claim was "distinct from the existing claims, even if [it] rel[ies] on some of the same facts." *Id.* at 13. She explained:

> Mr. Ramachandran's proposed RICO claim asserts violations of 18 U.S.C. § 1962(c) and (d). Section 1962(d) prohibits a conspiracy in furtherance of § 1962(c). 18 U.S.C. § 1962(d). A claim under § 1962(c) requires that a defendant participate in the conduct of an enterprise that affects interstate commerce through a pattern of racketeering activity or collection of unlawful debt. *Id.* § 1962(c); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The misconduct must be the proximate cause of harm to the victim. *Eclectic Props.*, 751 F.3d at 997. The racketeering activity requires predicate acts, which Mr. Ramachandran alleges to be mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 and obstruction of justice under 18 U.S.C. § 1512(c)(2). *Id.*; Dkt. No. 126-1 ¶¶ 21, 29, 32, 84, 96-97. The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud, and contain three elements: (1) the formation of a scheme to defraud, (2) the use of the mails or wires in furtherance of that scheme, and (3) the specific intent to defraud. *Eclectic Props.*, 751 F.3d at 997 (citing

> *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). The obstruction of justice statute prohibits the corrupt obstruction, influence, or impeding of any official proceeding or an attempt to do so. 18 U.S.C. § 1512(c)(2). The RICO claim thus shifts the focus of the dispute to the alleged predicate acts and would require specific discovery as to predicate acts not previously at issue in the case.

*Id.*

Plaintiff's attempt to assert a RICO claim in *Ramachandran II* also failed. On June 20, 2020, Plaintiff filed the complaint in *Ramachandran II*. ORJN Ex. 16. The complaint included allegations regarding a conspiracy and a RICO cause of action. *Id.* ¶¶ 129-131. In the *Ramachandran II* complaint, Plaintiff explained that in *Ramachandran I* Judge DeMarchi had "denied Plaintiff's motion to include claims for conspiracy to violate Plaintiff's rights protected by 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c)" and thus "[a]ccordingly, those claims are alleged in Plaintiff's instant complaint." *Id.* ¶ 14.

In an order dated February 8, 2021, Judge Freeman dismissed the complaint in *Ramachandran II* without leave to amend. ORJN Ex. 20. Judge Freeman summarized Judge DeMarchi's denial of Plaintiff's attempt to add the RICO claim in *Ramachandran I*, stating that "Judge DeMarchi found that the new RICO and intentional infliction of emotional distress claims did rely on some of the same facts underlying the Section 1983 claims but ultimately decided not to add amendment because Mr. Ramachandran unjustifiably waited over a year to amend his complaint, resulting in prejudice to the City Employee Defendants." *Id.* at 14. Of particular significance to the issue now before this Court, Judge Freeman noted that "the fact that plaintiff was denied leave to amend does not give [him] the right to file a second lawsuit based on the same facts." *Id.* (quoting *Adams*, 487 F.3d at 688). After finding that the RICO claim was predicated on the same transactional nucleus of facts as his section 1983 claims in *Ramachandran I*, involved infringement of the same property rights, and would involve duplicative evidence, Judge Freeman concluded that the claim splitting doctrine barred Plaintiff's RICO claim in *Ramachandran II*. ORJN Ex. 20 at 14-16.

Any differences between the RICO claim in the FAC in this case and Plaintiff's previous unsuccessful efforts to assert a RICO claim do not compel a different result on the issue of claim splitting. Plaintiff's RICO cause of action in the present case includes some phrases not included

in his earlier attempts at stating a RICO claim, specifically, allegations that Defendants "withheld" and "corruptly concealed" a record, document, or other object from "an official and legal proceeding."  FAC ¶ 345.  However, as in the earlier actions, Plaintiff focuses on Defendants' omission in the 2018 application for a search warrant of Jacobs' role in complaining about Plaintiff's code violations.  *See, e.g., id.* ¶¶ 71-72; *see also* Ex. 11 at 2 (motion for leave to file fourth amended complaint in *Ramachandran I*, arguing that "[a] key event is the ex parte application for a search warrant (aka inspection warrant) … in direct response to a letter sent by the attorney for Pamela Jacobs" and that "[t]he search warrant was obtained based on the false and fraudulent declaration of defendant Kirk Ballard and was used as a pretext to falsely accuse the plaintiff of code violations").

Plaintiff's RICO claim in this case also alleges that Defendants' conspiracy "injure[d] Plaintiff in his property and business of developing and renting residential units" on his property and that as a result he has been "injured in his business and property by denial of rental income and damage to the value and enjoyment of his property."  FAC ¶¶ 346-347.  Notably, the RICO claim in Plaintiff's proposed fourth amended complaint in *Ramachandran I* contained identical language.  *Ramachandran I* Dkt. 126-1 ¶¶ 117-118.[4]  The fact that Plaintiff has been denied the ability to assert a RICO claim in two previous lawsuits in this District does not give him the right to file what is now a third lawsuit here based on the same facts, rights, and interests.

Apart from the RICO claim, the FAC in this case also includes causes of action for Fourth Amendment violations, Bane Act violations, and conspiracy to interfere with civil rights that were not asserted in that form in *Ramachandran I.  See* FAC; ORJN Ex. 9.  Again however, the new claims are based on the same facts, rights, and interests as Plaintiff's claims in the earlier case. Plaintiff's second cause of action in this case alleges a Bane Act violation based on actions Defendants allegedly took to chill Plaintiff's protected activity, including allegedly fabricating code violations on Plaintiff's property, which was also asserted as the basis for another cause of action in *Ramachandran I.  Compare* FAC ¶¶ 285 *and* ORJN Ex. 9 ¶ 125.  Plaintiff's other Bane

---

[4] Plaintiff's RICO claim in *Ramachandran II*, which is discussed in section III.D. below in connection with Jacobs' res judicata argument, also contains this language.  ORJN Dkt. 16 ¶ 131.

United States District Court
Northern District of California

1   Act and Fourth Amendment claims are also rooted in the search of his property and the subsequent

2   charging of Plaintiff with municipal code violations.  *See, e.g.,* FAC ¶¶ 292, 296, 309.

3          Plaintiff's new claims for conspiracy to interfere with civil rights and neglect are based in

4   large part on what Plaintiff terms the City's "Property-Specific Process" through which the City is

5   alleged to engage in racial/national origin discrimination.  *See, e.g., id.* ¶¶ 323, 330.  Plaintiff

6   defines this term based on a statement made by City Attorney Jolie Houston on December 23,

7   2021, in which she explained that "[d]epending on the nature of the 'illegal' structure, [the] City

8   has a process that may allow a property owner to bring an unpermitted structure into compliance

9   with building codes and zoning codes.  Note – this process is property specific." *Id.* ¶ 43.

10  Plaintiff seizes on Ms. Houston's statement as "admitt[ing] to what [the City] had long denied"

11  and acknowledging a process that "licensed Defendant City and its agents to willfully and

12  knowingly violate the Constitutional and Federal rights of those in Defendant City's jurisdiction."

13  *Id.* ¶ 50.  Plaintiff alleges that the City used this process to favor white homeowners and injure

14  non-white homeowners.  *Id.*  However, Plaintiff alleged similar discrimination in *Ramchandran I.*

15  *See, e.g.,* ORJN Ex. 9 ¶¶ 130 (alleging City employees discriminated "by applying the LOS

16  ALTOS Building Code in an intentionally arbitrary and capricious manner detrimental for

17  Plaintiff's property rights as compared to other similarly situated individuals – namely,

18  PLAINTIFF's white neighbors").

19         In sum, although there are modest differences in the legal theories and evidence in the two

20  cases, both this case and *Ramachandran I* involve infringement of the same rights and interests

21  because, at bottom, Plaintiff's right and interest in being free from unlawful searches of his

22  property and from discrimination are at issue.  *See Ortega v. Ritchie,* No. 18-cv-02944-HSG (PR),

23  2019 WL 251482, at * 2 (N.D. Cal. Jan. 17, 2019) ("A plaintiff cannot avoid the bar of claim

24  preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by

25  pleading a new legal theory); *Durney v. Wavecrest Labs, LLC*, 441 F. Supp. 2d 1055, 1065 (N.D.

26  Cal. 2005) (finding that two suits involved infringement of the same right because "[w]hile it may

27  be argued that different legal rights might be involved (*e.g.,* right to intellectual property protected

28  by copyright versus proprietary interest in the intellectual property), at bottom, [plaintiff's] general

United States District Court
Northern District of California

24

1   ownership interest in the work is what is at issue").

2                          **c.      Substantially the same evidence**

3          Since Plaintiff's claims in this case rely on the same underlying conduct as

4   *Ramachandran I*, much of the evidence in both suits would be duplicative.  Plaintiff references

5   many of the same communications and actions in both cases.  *Compare, e.g.,* FAC ¶¶ 71-72 *with*

6   ORJN Ex. 13 (fourth amended complaint in *Ramachandran I*)[5] ¶¶ 66-68.  To be sure, in the

7   present case Plaintiff states that he obtained new evidence between 2021-2023, but he states that

8   the new evidence "confirm[s]" that Defendants forged or altered court records and withheld or

9   concealed material records from tribunals and Plaintiff.  FAC ¶ 36.  Evidence that is "cumulative"

10  and merely provides "additional evidentiary detail" "is scarcely enough to establish that the instant

11  lawsuit arises out of a different transactional nucleus of fact than that which generated the [first]

12  suit."  *Adams*, 487 F.3d at 690 (internal quotation marks and citations omitted).

13                         **d.      Impairment of rights or interests established in earlier case**

14         Prosecution of this action would necessarily impede or destroy the City's rights and

15  interests established in *Ramachandran I*.  The City has already obtained summary judgment on a

16  number of Plaintiff's claims in *Ramachandran I*, including his claims for violation of his

17  Fourteenth Amendment rights and several of his *Monell* claims.  *See* ORJN Ex. 14.

18                         **e.      Conclusion on whether same causes of action and relief sought**

19         Based on the foregoing discussion, the Court concludes that this case and *Ramachandran I*

20  both involve the same causes of action for purposes of the claim splitting doctrine.  "The fact that

21  [this case] involves somewhat different legal theories and a somewhat broader range of related

22  conduct and damages does not alter the underlying fundamental identity of the suits under the

23  [applicable] test."  *Mendoza*, 30 F.4th at 887.

24

25

26

27  ────────────────

    [5] Although Judge DeMarchi denied Plaintiff's request to include a RICO claim in a fourth
28  amended complaint, she allowed him to file a fourth amended complaint that included other
    claims.  *See* Exs. 12, 13.

United States District Court
Northern District of California

### 2.    Same parties

Plaintiff is the same in both this case and *Ramachandran I*.  *See* FAC; ORJN Ex. 13.  The City, Kirk Ballard, and Chris Jordan are Defendants in both this case and *Ramachandran I*.  *Id.* Jon Biggs, a Defendant in this case, was originally a Defendant in *Ramachandran I* but Plaintiff voluntarily dismissed him in that case.  *See* FAC; *see also Ramachandran I* Dkt. 127. Accordingly, the parties to the two actions are the same for purposes of the City's claim splitting argument.

### 3.    Conclusion on claim splitting

The "main purpose behind the rule preventing claim splitting" is "to protect the defendant from being harassed by repetitive actions based on the same claim."  *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995) (internal quotation marks and citations omitted); *see also United States v. Haytian Republic,* 154 U.S. 118, 125 (1894) ("There would be no end to litigation if [claim splitting] were permissible.").  Consistent with this purpose, and because this case and *Ramachandran I* involve the same parties, causes of action, and relief sought, the Court concludes that all claims against the City and the Individual Defendants are barred by the doctrine of claim splitting.  Because amendment cannot cure this deficiency, all claims against the City and Individual Defendants Ballard, Biggs, and Jordan are **DISMISSED WITH PREJUDICE.**

### D.    Res Judicata

The City and Jacobs both assert in their motions to dismiss that this action is barred by the doctrine of res judicata.  Jacobs argues that all causes of action against her are barred by the res judicata effect of *Ramachandran II* and *Ramachandran III*.  Dkt. 48 at 13-19.  The City argues that all causes of action asserted against it are precluded by res judicata based on the judgment entered in *Ramachandran III*.  Dkt. 49 at 18-21.  The Court will therefore consider whether *Ramachandran II* and/or *Ramachandran III* satisfy the requirements for application of res judicata.

### 1.    *Ramachandran II*

Only Jacobs, and not the City, argues that *Ramachandran II* has a res judicata effect on this case, and therefore the Court's discussion focuses on Plaintiff's claims against Jacobs in the two cases.  The preclusive effect of a federal court judgment is determined by federal law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see also Miletak v. AT&T Servs.*, No. 17-cv-00767-EMC, 2017 WL 2617961, at *3 (N.D. Cal. June 16, 2017).  "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citation omitted).  Claims barred by res judicata may be dismissed on a motion to dismiss. *See id.*

### a.    Identity of claims

Plaintiff asserted the following causes of action against Jacobs in *Ramachandran II*:  a First Amendment retaliation claim under 42 U.S.C. § 1983, a Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983, a RICO claim; and a claim for intentional infliction of emotional distress ("IIED").  ORJN Ex. 16.  In this case Plaintiff similarly asserts causes of action against Jacobs for Fourteenth Amendment equal protection, RICO, and IIED, although as shown in the chart above he also names Jacobs in other causes of action.  *See* FAC.

As discussed above in connection with the City's claim splitting argument, whether two actions involve the same claim for purposes of res judicata is determined by looking at four criteria:  "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987.

Under these criteria, the present action involves the same claims against Jacobs as Plaintiff's claims against Jacobs in *Ramachandran II*.  First, the two suits arise out of the same transactional nucleus of facts because both suits are predicated on Jacobs' alleged involvement in the events that occurred between 2013 and 2018:  Plaintiff's unsuccessful attempt to renovate his

home, the City's approval of Jacobs' plans to make improvements to her home, communications by Jacobs' lawyer to the City regarding code violations on Plaintiff's property which resulted in an inspection of Plaintiff's property and citation of Plaintiff for code violations, an alleged conspiracy between Jacobs and the City defendants to deprive Plaintiff of his rights, and Jacobs' placement of video cameras on her property.  *See* ORJN Ex. 16; FAC.

Second, it is also apparent that Jacobs' rights established by Plaintiff's dismissal in *Ramachandran II* would be destroyed if the Court granted Plaintiff's requested relief.

Third, Plaintiff asserts the same "right" that he did previously.  To the extent Plaintiff now asserts any new legal theories, that is of no consequence, because "[r]es judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted; emphasis in original).  Plaintiff has failed to identify any claims in this case that he could not have raised in *Ramachandran II.*

Finally, because both this action and the prior one were focused primarily on the same series of events from 2013-2018, the evidence would significantly overlap between the two actions.

Plaintiff's attempts to differentiate the claims in this case from those in *Ramachandran II* are unavailing.  In his opposition to Jacobs' motion to dismiss, Plaintiff argues that the "gravamen" of the FAC in this case "concerns facts, allegations, claims, causes of action arising from Defendants' and co-conspirators' actions from August of 2021 that Plaintiff discovered after December 2021."  Dkt. 63 at 1.  To be sure, the FAC contains some allegations of events that occurred after *Ramachandran II* was dismissed.  However, most of these "new" events trace back to Jacobs' alleged "clandestine" role in bringing about the 2018 inspection of Plaintiff's property that led to him being cited for code violations.  Specifically, Plaintiff claims that in 2018, after Plaintiff sued Jacobs and the City in *Ramachandran I*, Jacobs conspired with the City to submit a complaint about code violations on Plaintiff's property.  *See, e.g.,* FAC ¶ 71.  Plaintiff alleges that the City then applied for and obtained a warrant from the Santa Clara County Superior Court to search Plaintiff's property based on the allegations of Jacobs' letter but concealed Jacobs' role in

complaining about Plaintiff's property. *See, e.g., id.* ¶ 72. Plaintiff argues that "Defendants in all judicial proceedings, including the instant matter, jointly concealed what they know:  the Complaint [in Jacobs' letter] is false and fraudulent, it was exchanged between Defendants and co-conspirators in clandestine, it is not 'lawful petitioning.'" Dkt. 63 at 3-4; *see also* FAC ¶ 145. Not all of these allegations are truly new because Plaintiff made similar arguments in *Ramachandran II. See, e.g.,* ORJN Ex. 19 ¶¶ 80-83. In any event, "[a] subsequent action that simply alleges new facts in support of a prior action will not usually avoid application of the claim preclusion doctrine." 18 Moore's Federal Practice – Civil § 131.21[1]. Plaintiff has not identified any new facts that establish independent grounds for a claim against Jacobs.

### b.      Final judgment on the merits

Plaintiff's claims against Jacobs in *Ramachandran II* for First Amendment violations, Fourteenth Amendment violations, RICO, and intentional infliction of emotional distress were dismissed with prejudice. ORJN Ex. 20. Specifically, Judge Freeman found that the RICO and constitutional claims were barred by the *Noerr-Pennington* doctrine and the intentional infliction of emotional distress claim was barred by claim splitting doctrine. *Id.* at 16-19. Plaintiff subsequently voluntarily dismissed *Ramachandran II*, and no appeals were filed. ORJN Exs. 24, 25.

For purposes of res judicata, the term "judgment on the merits" has been liberally construed. *Dash, Inc. v. Alcoholic Beverage Control Appeals Board*, 683 F.2d 1229, 1233 n.6 (9th Cir. 1982) (citation omitted). A dismissal without leave to amend qualifies as a final decision on the merits. *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017) (citing *Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

Accordingly, the order dismissing Plaintiff's claims against Jacobs in *Ramchandran II*, which Plaintiff did not appeal, is a final judgment on the merits.

### c.      Identity or privity between parties

In both *Ramachandran II* and this case, Mr. Ramachandran is the plaintiff and Ms. Jacobs a Defendant. Thus, there is identity between parties.

United States District Court
Northern District of California

### d.    Conclusion on res judicata effect of *Ramachandran II* on claims against Jacobs

The Court finds that all requirements for res judicata are satisfied, and therefore all claims against Jacobs are **DISMISSED WITH PREJUDICE**.

### 2.    *Ramachandran III*

Both Jacobs and the City argue that *Ramachandran III* also has a res judicata effect on this case.  Federal courts apply state law to determine the preclusive effect of state court judgments. *Johnson v. City and County of San Francisco*, No. C-11-5081-EMC, 2013 WL 1616118, at \*7 (N.D. Cal. Apr. 15, 2013) (citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007). Under California law, the elements of res judicata are:  "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."  *Johnson*, 2013 WL 1616118, at \*7 (citing *People v. Barragon*, 32 Cal. 4th 236, 253 (2004)).  However, the Court finds it unnecessary to decide these issues because all claims against all Defendants are dismissed for other reasons, as discussed above.

### E.    Other arguments raised in motions to dismiss

The City and Jacobs raise other arguments in their motions to dismiss, including arguments that Plaintiff's claims are barred by collateral estoppel (issue preclusion), the statute of frauds, and the *Noerr-Pennington* doctrine, and arguments that Plaintiff has failed to state a claim.  *See* Dkt. 48, 49.  However, the Court need not address these arguments because "the above reasons are sufficient to dismiss Plaintiff's entire claim with prejudice."  *Cooney v. City of San Diego*, No. 4:21-cv-01721-YGR, 2022 WL 1991211, at \*4 (N.D. Cal. June 6, 2022).

## IV.    CITY'S MOTION TO STRIKE (DKT. 59)

In addition to filing a motion to dismiss the FAC in its entirety (Dkt. 49), which is addressed above, the City filed a special motion to strike the FAC's state claims pursuant to

United States District Court
Northern District of California

California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, Code of Civil Procedure § 425.16(b)(2). Dkt. 59. The Individual Defendants join in the City's motion to strike. Dkt. 77. In light of the litigation history between the Parties and the extensive record before it, the Court deems this motion suitable for determination without oral argument. Civ. L.R. 7-1(b). The Court will consider the City's anti-SLAPP motion to strike because the Court's ruling granting the City's motion to dismiss does not necessarily moot all aspects of the City's motion to strike, such as its claim for attorney fees. *See Ramachandran I* Dkt. 82 at 21.

Code of Civil Procedure § 425.16(b)(2), provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Section 425.16(a) states: "The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly."

"Courts have found that the protections in the anti-SLAPP statute apply to 'some acts by governmental entities and their representatives[]' … including, for example, 'statements and writings of governmental entities and public officials on matters of public interest and concern that would fall within the scope of the statute if such statements were made by a private individual or entity.'" *Cox v. Mariposa Cnty.*, 445 F. Supp. 3d 804, 815 (E.D. Cal. 2020) (citing *Schaffer v. City and Cnty. of San Francisco*, 168 Cal.App.4th 992, 1002-03 (2008) and *Vargas v. City of Salinas*, 46 Cal.4th 1, 16–17 (2009)). Defendants sued in federal court may bring anti-SLAPP motions to strike state law claims asserted against them. *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

A court must evaluate the special motion to strike, also referred to as an "anti-SLAPP motion," "using a summary judgment-like procedure and a two-step process." *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). "Prong One" requires the defendant to establish that

United States District Court
Northern District of California

31

the claim arises from protected activity.  *Baral v. Schnitt*, 1 Cal. 5th 376, 389 (2016); *Skidmore v. Gilbert*, No. 20-cv-06415-BLF, 2022 WL 464177, at *7 (N.D. Cal. Feb. 15, 2022).  If the defendant makes that showing, under "Prong Two" the burden shifts to the plaintiff to establish a probability of succeeding on the merits of the challenged claims based on evidence (not merely allegations).  Cal. Code Civ. P. § 425.16(b).  Any claims for which the plaintiff fails to make such a showing must be stricken.  *Baral*, 1 Cal. 5th at 396; *GemCap Lending I, LLC v. Unity Bank Minnesota*, No. 18-CV-05979-YGR, 2019 WL 2185207, at *2 (N.D. Cal. May 20, 2019).

The City asks the Court to strike the following state claims of the FAC in this case:  the second, fourth, and sixth causes of action asserted under the Bane Act; and the eighth cause of action for state discrimination.  Dkt. 59 at 1.  Plaintiff's second cause of action, styled as a claim under California's Bane Act, alleges that Defendants "took actions against Plaintiff to chill his protected activity," including conducting "illegal searches of Plaintiff's property," obtaining a search warrant "through false representations," fabricating purported code violations at Plaintiff's property in response to Plaintiff's complaints and lawsuit, and/or "perpetrat[ing] frauds on judicial tribunals to improperly influence the impartial nature of the court and fraudulently subvert the integrity of the judicial process to thereby procure judicial rulings in their favor."  FAC ¶ 285.  Plaintiff's fourth cause of action is also made pursuant to the Bane Act and focuses on searches of Plaintiff's property.  *Id.* ¶¶ 296-297.  Likewise, Plaintiff's sixth cause of action, also under the Bane Act, is based on Defendants instigating criminal charges against Plaintiff "based upon false evidence deliberately fabricated, forged, and/or altered by the government."  *Id.* ¶ 308.  Plaintiff's eighth cause of action for discrimination alleges that the City discriminated against Plaintiff on the account of his race/national origin in the way the City applied its municipal code and through its conduct in official and judicial proceedings.  *Id.* ¶ 318.

The City has carried its burden under Prong One to show that these state causes of action arise from protected activity.  As outlined above, all of the causes of action focus on (1) the City's code enforcement activities relating to Plaintiff; and (2) the City's conduct in litigation and other "official proceedings."  The first category of activity is protected because it involves "communications preparatory to or in anticipation of the bringing of an action or other official

32

proceedings." *Dickins v. Provident Life and Acc. Ins. Co.*, 117 Cal. App. 4th 705, 714 (2004). The second category of activity is protected because it involves communications before a judicial or official proceeding. Cal. Cide Civ. P. § 425.16(e)(1); *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007).[6]

The burden thus shifts to Plaintiff in Prong Two to establish a probability of succeeding on the merits of the challenged claims based on evidence. The challenged claims are barred for reasons discussed above in connection with the City's motion to dismiss, and therefore Plaintiff has not carried his burden in Prong Two.

Accordingly, the City's motion to strike is **GRANTED** and the second, fourth, and sixth causes of action asserted under the Bane Act and the eighth cause of action for state discrimination are **STRICKEN**.

Although the City's motion to dismiss the FAC expressly asks the Court to dismiss the FAC with prejudice (*see* Dkt. 49-4; Dkt. 78 at 13), the City's briefing on the motion to strike is silent as to whether it is requesting that the state claims in Plaintiff's FAC be stricken without leave to amend. The Ninth Circuit has cautioned in the context of anti-SLAPP motions to strike that procedural state laws should not be used in federal court "if to do so would result in a direct collision with a Federal Rule of Civil Procedure" and "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). Moreover, defendants normally are entitled to attorneys' fees and costs when they prevail on an anti-SLAPP motion to strike. *Id.*; *see also* Cal. Code Civ. P. § 425.16(b). However, an award of fees where a plaintiff has been given leave to amend is "likewise inconsistent with Rule 15's liberal amendment policy." *Ramachandran I* Dkt. 82 at 22.

The City asks for an award of attorney fees in connection with its successful anti-SLAPP motion to strike. Dkt. 59 at 25; *see also* Dkt. 59-8 (proposed order). However, as noted above,

---

[6] As noted above, the state court in *Ramachandran III* granted both the City and Jacobs' anti-SLAPP motions to dismiss in that case. ORJN Exs. 29, 30.

United States District Court
Northern District of California

United States District Court
Northern District of California

the Court is dismissing the entire FAC without leave to amend.  Because Plaintiff will not have an opportunity to further amend his complaint to remove the state claims that are the subject of the motion to strike, City's request for an award of attorney fees in connection with the motion to strike is **DENIED**.  This ruling is without prejudice to the ability of the City or any Individual Defendant to seek attorney fees on a basis other than the anti-SLAPP motion to dismiss.

## V.      JACOBS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT (DKT. 50)

Defendant Jacobs seeks an order declaring Plaintiff a vexatious litigant and requiring a pre-filing review of any future lawsuits.  Dkt. 50 (motion).  The motion is fully briefed.  *See id*; Dkt. 66(opposition); Dkt. 80 (reply).

Federal courts have "the inherent power to enter pre-filing orders against vexatious litigants."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also* 28 U.S.C. § 1561 (All Writs Act).  Where appropriate, a court may issue a pre-filing order that "enjoin[s] the litigant from filing further actions or papers unless he or she meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case."  *Weissman v. Quail Lodge*, *Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

In the Ninth Circuit, four requirements must be satisfied before a pre-filing order against a vexatious litigant is appropriate: (1) the litigant must be given notice and an opportunity to be heard; (2) the district court must compile an adequate record for review; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the resulting order must be narrowly tailored "to closely fit the specific vice encountered."  *Molski*, 500 F.3d at 1057.  The first two requirements are "procedural," while the third and fourth factors "are substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quotation marks, ellipses, and brackets omitted).  On the third factor, courts consider:

34

1    The Court sets Jacobs' motion to declare Plaintiff a vexatious litigant and for a pre-filing

2    order for an in-person hearing on **June 18, 2024 at 10:00 a.m.**  The Court will not accept any

3    additional briefing on the motion.  If there have been any relevant developments since the close of

4    briefing on this motion, the Parties can address them at the hearing.

5    **VI.    CITY'S MOTION FOR SANCTIONS (DKT. 57)**

6    Defendant City requests sanctions against Plaintiff pursuant to Federal Rule of Civil

7    Procedure 11.  Dkt. 57 (motion).  The Individual Defendants join in the City's motion for

8    sanctions.  Dkt. 77.  The motion is fully briefed.  *See* Dkt. 57 (motion); Dkt. 83(opposition); Dkt.

9    85 (reply).

10    Rule 11 empowers federal courts to impose sanctions upon a party signing a court paper

11    where (a) the paper is "frivolous", or (b) the paper is filed for an "improper purpose."  By

12    presenting a pleading, written motion, or other paper to the court ("whether by signing, filing,

13    submitting or later advocating it"), an attorney or unrepresented party certifies that they have

14    conducted a "reasonable inquiry" to ensure that the document is well grounded in fact and

15    warranted by existing law (or proposes a nonfrivolous argument for extension of the existing law),

16    and that the document is not filed for an improper purpose "such as to harass or cause unnecessary

17    delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1)-(3).  Rule 11's

18    "central purpose" is to "deter baseless filings in district court" and provides for the assessment of

19    sanctions upon the attorney, law firm, or party that violated the rule.  *Cooter & Gell v. Hartmarx*

20    *Corp.*, 496 U.S. 384, 393 (1990).  A party's status as a pro se litigant does not exempt him from

21    Rule 11 sanctions for filing frivolous claims with an improper purpose.  *McMahon v. Pier 39 Ltd.*

22    *P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).  Rule 11

23    requires that a challenged party be given 21 days to address an alleged violation before any motion

24    for sanctions is filed.  Fed. R. Civ. P. 11(c)(2).  The City indicates that it complied with this pre-

25    filing notice requirement.  Dkt. 57-2 ¶ 29.

26    The Court sets the City's motion for Rule 11 sanctions for an in-person hearing on **June**

27    **18, 2024 at 10:00 a.m.**  The Court will not accept any additional briefing on the motion.  If there

28    have been any relevant developments since the close of briefing on this motion, the Parties can

United States District Court
Northern District of California

1    address them at the hearing.

2    **VII.    CONCLUSION**

3    As discussed above and for the foregoing reasons, the Court **ORDERS** as follows:

4    (1) Jacobs' motion to dismiss (Dkt. 48) is **GRANTED WITHOUT LEAVE TO**

5    **AMEND**;

6    (2)    the City's motion to dismiss (Dkt. 49), in which the Individual Defendants

7    joined (Dkt. 77), is **GRANTED WITHOUT LEAVE TO AMEND**; and

8    (3)    the City's motion to strike Plaintiff's state claims (Dkt. 59), in which the

9    Individual Defendants joined (Dkt. 77), is **GRANTED** and the second,

10    fourth, and sixth causes of action asserted under the Bane Act and the eighth

11    cause of action for state discrimination are **STRICKEN**, but the City's

12    request for attorney fees in connection with the motion to strike is **DENIED**.

13    This order terminates Dkt. 48, 49, 59, 82, 84, 87, 88, and 91.

14    The Court will hold an in-person hearing on Jacobs' vexatious litigant motion (Dkt. 50)

15    and the City's motion for sanctions (Dkt. 57) on **June 18, 2024 at 10:00 a.m.**

16    The Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse

17    provides free information and limited-scope legal advice to pro se litigants in federal civil cases.

18    The Federal Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro

19    Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to

20    Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se

21    handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/wp-

22    content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or obtained from

23    the Clerk's office.

24    **SO ORDERED.**

25    Dated: April 22, 2024

26

27    _____

28    SUSAN VAN KEULEN
      United States Magistrate Judge