UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>Defendants. | Case No. 23-cv-02928-SVK<br><br>**FINAL ORDER ON DEFENDANT PAMELA JACOBS' MOTION TO DECLARE PLAINTIFF SATISH RAMACHANDRAN A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 50 |

Plaintiff Satish Ramachandran, proceeding *pro se*, has owned a residential property in the City of Los Altos since 1993. Dkt. 40 (First Amended Complaint or "FAC") ¶ 1. Plaintiff sought to renovate his home in 2013, was denied permits by the City of Los Altos, was cited for violations of the Los Altos Municipal Code following the City's inspection of his property in 2018, and asserts he was harmed through a deprivation of constitutional rights and a conspiracy between the City, certain former employees of the City, and his neighbor Pamela Jacobs. *See generally* FAC. Plaintiff was embroiled in litigation and other proceedings involving Ms. Jacobs and the City for approximately six years before he filed this action. The Defendants in this action are Pamela Jacobs ("Ms. Jacobs"), the City of Los Altos ("City"), and three former employees of the City: Kirk Ballard, Jon Biggs, and Chris Jordan (Ballard, Biggs, and Jordan are referred to as the "Individual Defendants"). *See* FAC ¶¶ 2-6. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 9, 18, 19, 74, 75, 76.

On April 22, 2024, the Court issued an order in which it: (1) granted Ms. Jacobs' motion to dismiss (Dkt. 48) without leave to amend; (2) granted the City's motion to dismiss (Dkt. 49) without leave to amend; and (3) granted the City's motion to strike Plaintiff's state claims (Dkt. 59). Dkt. 93 (the "April 22 Order"). The April 22 Order also contained the Court's rulings on various administrative motions and requests for judicial notice associated with the primary

motions. *See, e.g., id.* at 13-15

In the April 22 Order, the Court set an in-person hearing for June 18, 2024 on: (1) Ms. Jacobs' motion to declare Plaintiff a vexatious litigant (Dkt. 50); and (2) the City's motion for sanctions against Plaintiff (Dkt. 57). *Id.* at 34-36.

This Order contains the Court's ruling on Ms. Jacobs' motion to declare Plaintiff a vexatious litigant (Dkt. 50). The motion is fully briefed. *See id.*; Dkt. 66 (opposition); Dkt. 80 (reply). The Court held a hearing on June 18, 2024, at which Plaintiff, counsel for Ms. Jacobs, and counsel for the City appeared in person. For the reasons that follow, the Court **GRANTS** Ms. Jacobs' motion and **DECLARES** Plaintiff a vexatious litigant. The Court will issue a separate order on the City's motion for sanctions.

## I.     BACKGROUND

This Section I repeats verbatim Section I of the Court's April 22 Order, except concerning events occurring on or after April 22, 2024. The underlying facts concerning Plaintiff's attempt to create an accessory dwelling unit (ADU) and make other improvements to his property beginning in 2013 and the ensuing conflict with the City, various individuals who were then City employees, and his neighbor Pamela Jacobs are discussed in detail in an order issued by Judge Beth Labson Freeman in *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF (*"Ramachandran II"*), in which Judge Freeman granted various parties' motions to dismiss Plaintiff's complaint in that case. *See* ORJN Ex. 20.[1] As explained in Judge Freeman's order, in July 2018, Defendant Jacobs' lawyer sent the City's attorney a letter regarding alleged code violations on Plaintiff's property. *Id.* at 5. The City subsequently obtained a search warrant, inspected Plaintiff's property, and charged Plaintiff with various violations of the Los Altos Municipal Code. *Id.* at 5-6. Many of Plaintiff's allegations in the present case relate to and stem from the 2018 search warrant. *See, e.g.,* FAC ¶ 136 *et seq.*

---

[1] Citations to "ORJN Ex. ___" are to the exhibits to the Omnibus Request for Judicial Notice at Dkt. 79.

### A. The Parties

#### 1. Plaintiff Satish Ramachandran

Plaintiff emigrated from India to the United States in 1986. FAC ¶ 1. In 1993, he purchased a residence on Santa Rita Avenue in Los Altos, where he has resided through the present. *Id.*

#### 2. Defendant Pamela Jacobs

Since approximately 1992, Defendant Jacobs has owned property on Santa Rita Avenue next door to Plaintiff's property. *Id.* ¶ 6.

#### 3. Defendant City of Los Altos

Defendant City of Los Altos is a municipality located within this District.

#### 4. Defendant Kirk Ballard

Plaintiff alleges that from approximately 1993 until October 2021, Defendant Ballard was employed by the City in various positions, including as a building official. FAC ¶ 5.

#### 5. Defendant Jon Biggs

Plaintiff alleges that from approximately January 2016 until December 2021, Defendant Biggs was the City's Director of Community Development. FAC ¶ 4.

#### 6. Defendant Chris Jordan

Plaintiff alleges that from approximately April 2016 until December 2020, Defendant Jordan was the Los Altos City Manager. FAC ¶ 3.

### B. Previous Actions

#### 1. *Jacobs et al. v. Ramachandran et al.*, Santa Clara County Superior Court Case No. 17CV312418 (the "Property Action")

On June 29, 2017, Pamela Jacobs and her husband James filed an action against Mr. Ramachandran in Santa Clara County Superior Court, Case No. 17cv312418 (the "Property Action"). ORJN Ex. 1. The Jacobses sought to quiet title and obtain declaratory and injunctive relief in this dispute over the boundary line between their respective properties. *Id.* Mr. Ramachandran filed a cross-complaint seeking similar relief and adding claims for nuisance and trespass against both James and Pamela Jacobs and for assault and battery against Mr. Jacobs. ORJN Ex. 2. At trial, Mr. Ramachandran sought to introduce a July 2018 letter from Ms. Jacobs'

3

counsel to the Los Altos City Attorney, but the trial judge (Hon. Cynthia Lie) issued an order finding this letter "does not support a theory of Intentional Infliction of Emotional Distress, Conspiracy or Collusion" and "that this Exhibit shows only that the Jacobs made a complaint to the City of Los Altos and the Jacobs' counsel summarized a list of code enforcement grievances and provided it to the City." ORJN Ex. 3. This letter will be discussed in more detail below.

Following a bifurcated bench trial, the trial court issued judgments in favor of the Jacobses on all causes of action in both their complaint and Mr. Ramachandran's cross-complaint. ORJN Ex. 4. The Sixth District Court of Appeal affirmed the trial court judgments in favor of the Jacobses. ORJN Ex. 5.

### 2. *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*")

On February 25, 2018, Plaintiff filed a complaint in this District, *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*"). The case was assigned to Magistrate Judge Virginia DeMarchi. The complaint in *Ramachandran I* originally named a number of defendants including the City, Ballard, and Biggs and alleged the following causes of action: violation of First Amendment Rights and Fourteenth Amendment rights (equal protection) under 42 U.S.C §1983; discrimination (both State and Federal), and Intentional Infliction of Emotional Distress ("IIED"). ORJN Ex. 1. Plaintiff would later amend his complaint multiple times, and he ultimately added Jordan as a defendant, dropped his claims for Discrimination and IIED, and added claims against the City for Municipal Liability under 42 U.S.C. §1983. *See* ORJN Ex. 13.

In 2020, after discovery had closed, Plaintiff sought leave to amend the Third Amended Complaint and to file a Fourth Amended Complaint to include a new cause of action against the City defendants for violation of the federal Racketeer Influenced Corrupt Organizations ("RICO") statute. ORJN Ex. 11. Plaintiff also sought to add several defendants to *Ramachandran I*, including Pamela Jacobs, the City's former counsel, and Los Altos City Attorneys at the law firm Best, Best, and Krieger. *Id*. at 3-4; *see also* ORJN Ex. 12 at 5.

Except as noted in this paragraph, Judge DeMarchi denied Plaintiff's request to add new

4

claims and defendants because the proposed pleading "[did] not concern any events post-dating the [Third Amended Complaint] filed in March 18, 2019." ORJN Ex. 12 at 9. The court also concluded that Plaintiff unreasonably delayed in seeking leave to amend because he had notice of the facts that would give rise to such claims: "[I]t appears that the facts underlying Mr. Ramachandran's proposed amendments were known to him as of the date he filed the [Third Amended Complaint], and that he delayed for nearly a year thereafter to further amend his complaint. There is no justification for this prolonged delay." *Id*. at 10 (emphasis added). Consequently, Judge DeMarchi denied Plaintiff's request to add a civil RICO claim, a state law claim for intentional infliction of emotional distress, and certain defendants. *Id*. at 16. However, Judge DeMarchi granted Plaintiff's request to add two *Monell* claims and to add Jordan as a defendant on the section 1983 claims. *Id.* at 17. Plaintiff then filed the Fourth Amended Complaint. ORJN Ex. 13.

Defendants moved for summary judgment on the claims in the Fourth Amended Complaint, and in January 2021, Judge DeMarchi granted in part and denied in part the motion. ORJN Ex. 14 at 1, 31. The court granted summary judgment in the defendants' favor on Plaintiff's equal protection claim for failing to establish a genuine issue of material fact of racial discrimination or any violation of equal protection under the Fourteenth Amendment. *Id*. at 29-30. The court reasoned that Plaintiff presented "no admissible evidence that supports an inference of discrimination, let alone an inference of a custom or practice." *Id*. at 25. The court also granted summary judgment on some of the claims of *Monell* liability against the City. *Id*. at 28-30. The court denied summary judgment on Plaintiff's claim for violation of his First Amendment rights as to defendants Jordan and Ballard, holding that there was a genuine issue of material fact as to whether Plaintiff was retaliated against by the City defendants for bringing a lawsuit against them. *Id*. at 18-19. The court also denied summary judgment on a portion of one of the *Monell* claims that was based on the conduct of the individuals as alleged final decision makers or final policy makers for the City. *Id.* at 28-30.

In June 2022, the City defendants moved the court to stay the proceedings in *Ramachandran I*, arguing that the matter could not proceed to trial until administrative

5

proceedings between Plaintiff and the City defendants had resolved.  *See* ORJN Ex. 15.  Judge DeMarchi granted a stay, finding that (1) relatively little harm would result from granting a stay, (2) it would be unfair to require defendants to proceed to trial without the benefit of a final decision in the administrative matter, and (3) the resolution of the proceedings would simplify the presentation of evidence in this case.  *Id.* at 4-8.

Judge DeMarchi held a case management conference on April 9, 2024 at which she lifted the stay, set a deadline for the defendants to file motion(s) addressing the impact of various state court cases on the remaining First Amendment issues, and set a jury trial for September 2024.  *See Ramachandran I* Dkt. 365.  Judge DeMarchi further ordered that "[t]he Court will not re-open discovery or permit further motion practice on the Fourteenth Amendment claims that the Court has already resolved against Mr. Ramachandran" in the court's summary judgment order in that case.  *Id.*

The defendants subsequently filed a motion for judgment on the pleadings.  *Ramachandran I* Dkt. 368.  Following briefing and a hearing, Judge DeMarchi granted the defendants' motion for judgment on the pleadings and entered judgment in favor of the defendants and against Plaintiff on June 6, 2024.  *Ramachandran I* Dkts. 391, 392.  On July 5, 2024, Plaintiff filed a motion for relief from judgment in *Ramachandran I*, which is now pending.  *Ramachandran I* Dkt. 395.

### 3. *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-03693-BLF ("*Ramachandran II*")

In August 2020, Plaintiff filed another lawsuit in this District, *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF ("*Ramachandran II*").  ORJN Ex. 16.  That case was assigned to Judge Freeman.  The complaint in *Ramachandran II* asserted the following causes of action against the City Defendants (but did not include Jon Biggs as a defendant): violation of Plaintiff's First Amendment Rights under 42 U.S.C §1983 and violation of his Fourteenth Amendment rights under 42 U.S.C §1983 (equal protection).  *Id.* ¶¶ 119-128.  The complaint also alleged RICO liability under 18 U.S.C. §1962(c) and (d) against various City employees as well as Pamela Jacobs and a law firm and two attorneys from that firm who had

represented the City (Best, Best & Krieger, Christopher Diaz, and Christina Hickey), based on allegations that various City actors collaborated against Plaintiff in issuing citations of code violations and taking enforcement actions against him. *Id.* ¶¶ 129-131. The complaint also included a claim for intentional infliction of emotional distress against Jacobs. *Id.* ¶¶ 132-135.

In August 2020, the City defendants moved to dismiss the claims against them in *Ramachandran II*, arguing in relevant part that the doctrine of claim-splitting barred the claims. Judge Freeman granted the motion and dismissed with prejudice the operative complaint. ORJN Ex. 20. In the order, the court held that the claims against the City defendants were barred for claim-splitting based on the allegations made in *Ramachandran I*, ruling that Plaintiff should have brought the claims in that action. *Id*. at 12-16. Specifically, the court found that *Ramachandran I* and *Ramachandran II* arose from the same transactional nucleus of facts, despite the addition of the RICO claim in *Ramachandran II* which did not exist in *Ramachandran I*, because "Mr. Ramachandran has pled his RICO claim as predicated on the same transactional nucleus of facts as his Section 1983 claims against the City Employee Defendants." *Id*. at 14. Further, the court found that the same rights were alleged to have been infringed in *Ramachandran II* as in *Ramachandran I* because the RICO claim was "predicated on a scheme resulting in an injury to his property rights and his ability to develop his property to produce rental income," and *Ramachandran I* claimed "an injury to his property rights" as well. *Id*. at 15.

During the pendency of *Ramachandran II*, Plaintiff added a claim for malicious prosecution based on dismissal of the state court misdemeanor charge stemming from the 2018 search of Plaintiff's property. *See* ORJN Ex. 16 ¶ 106; ORJN Ex. 17 at 2; ORJN Ex. 21 at 2. Judge Freeman's dismissal order did not dispose of this claim, which was not addressed by the motions to dismiss. *See* ORJN Ex. 20 at 19. However, Judge Freeman subsequently denied Plaintiff's motion for leave to amend his malicious prosecution claim to add new parties and new facts, finding that Plaintiff was not diligent in seeking the amendment. ORJN Ex. 23 at 4. On April 8, 2021, Plaintiff voluntarily dismissed *Ramachandran II*. ORJN Ex. 24. No appeal was taken in that case. *See* ORJN Ex. 25.

### 4. *Ramachandran v. City of Los Altos, et al.,* Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*")

Following the dismissal of *Ramachandran II*, Plaintiff filed another action asserting the same claims, this time in state court, *Ramachandran v. City of Los Altos et al.*, Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*"). The causes of action asserted in *Ramachandran III* included: Malicious Prosecution, violation of the Bane Act, Civil Code § 52.1, violation of the Unruh Act, Civil Code §§ 51, 52. ORJN Ex. 26. Plaintiff also named Pamela Jacobs as a defendant. *Id.* Plaintiff's claims alleged unfair treatment, discrimination, falsifying code violations through executing an inspection warrant, and improperly prosecuting him. *Id.*

In February 2022, the City defendants filed a motion to strike the *Ramachandran III* complaint pursuant to Code of Civil Procedure § 425.16 ("anti-SLAPP Motion"), arguing that Plaintiff's claims arose from the City defendants' petitioning activity in bringing a criminal action against Plaintiff and investigating Plaintiff's suspected violations of the municipal code. ORJN Ex. 27. Specifically, the City defendants argued that Plaintiff's claims should be stricken because the malicious prosecution claim was barred by governmental immunities, the Bane and Unruh Act claims failed to comply with Government Code §§ 905 and 945.6 ("Tort Claims Act"), and all claims were independently barred by res judicata. *Id.* Jacobs also filed an anti-SLAPP motion to strike in *Ramachandran III* that made similar arguments. ORJN Dkt. 28.

In June 2022, the Superior Court entered orders granting the City and Jacobs' motions to strike in their entirety. ORJN Ex. 29, 30. The Parties disagree about whether Plaintiff appealed the orders. Jacobs and the City assert that "Plaintiff has two pending appeals in the matter but they were not taken from the Court's judgment dismissing the claims with prejudice." Dkt. 49 at 10 n.6; Dkt. 48 at 10 n.4. Instead, according to Defendants, Plaintiff appealed the attorney fees award and an order denying a motion to set aside the judgment that was brought under Code of Civil Procedure § 473. *Id.*; *see also* ORJN Ex. 34. Plaintiff, on the other hand, states that he appealed "both the judgment and the attorney's fees award." Dkt. 64 at 14 (citing Sixth District Court of Appeals Case Nos. H051230 and H050773). The City identifies Appeal No. H050773 as the appeal of the attorney fees order and Appeal No. H050773 as the appeal of the order denying Plaintiff's motion to set aside the judgment. Dkt. 78 at 6-7.

On March 14, 2024, the Sixth District Court of Appeals dismissed Appeal No. H051230 as untimely. Dkt. 86 at Ex. A. Plaintiff's opening brief in Appeal No. H050773 was due in April 2024. *Id.*

### 5. OAH Proceedings and State Court Writ Action ("OAH Matter" or *Ramachandran IV*")

As briefly discussed above, in September 2018, following an inspection of Plaintiff's property, the City issued a Violation Letter finding violations of the Los Altos Municipal Code ("LAMC"), which Plaintiff thereafter appealed to the City. *See* ORJN Ex. 35 at 3-4. The City referred the matter to the Office of Administrative Hearings ("OAH"), which held an evidentiary hearing in August 2021. *See id.* After the hearing, the OAH issued an order concluding that Plaintiff's property violated certain provisions of the LAMC. *Id.*

Plaintiff subsequently filed a petition for writ for administrative mandamus in Santa Clara County Superior Court concerning the OAH decision, styled *Ramachandran v. City of Los Altos*, Santa Clara County Superior Court Case No. 21CV386694 ("*Ramachandran IV*"). *See* ORJN Ex. 36. The superior court sustained the City's demurrer to the writ, and the superior court dismissed the case with prejudice in February 2023. ORJN Ex. 39. Plaintiff appealed, and on April 3, 2024, the Sixth District Court of Appeal dismissed the appeal as untimely. Dkt. 90, Ex. B.

### C. This Action

Plaintiff filed this action on June 14, 2023. Dkt. 1. Rather than opposing various pleading motions filed by Jacobs and the City (Dkt. 31, 32, 36), Plaintiff exercised his right under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B) to file the First Amended Complaint on October 12, 2023. The FAC, which is the operative complaint in this case, contains 14 causes of action, which Plaintiff delineates as follows:

| Number | Cause of Action | Defendants |
|---|---|---|
| 1 | First Amendment Violation | City<br>Individual Defendants |
| 2 | Violation of the Bane Act, California Civil Code § 52.1; Right to Redress Government for Redress of Grievances, Per Article I, § 3 of California's Constitution | Jacobs<br>City<br>Individual Defendants |

9

| 3 | Fourth Amendment Violation – Unreasonable Search | Jacobs<br>City<br>Individual Defendants |
|---|---|---|
| 4 | Violation of the Bane Act, California Civil Code § 52.1; Prohibition Against Warrantless Property Searches, Per Article I, § 13 of California's Constitution | Jacobs<br>City<br>Individual Defendants |
| 5 | Fourteenth Amendment Violation - Equal Protection | Jacobs<br>City<br>Individual Defendants |
| 6 | Violation of the Bane Act, California Civil Code § 52.1; Breach of Due Process Rights to be Free from Criminal Charges on the Basis of False Evidence, Per Article I, § 7 of California's Constitution | City<br>Individual Defendants |
| 7 | Fourteenth Amendment Violation (*Monell*) | City |
| 8 | Discrimination – State and Federal | City<br>Individual Defendants |
| 9 | Conspiracy to Interfere with Civil Rights | Jacobs<br>City<br>Individual Defendants |
| 10 | Neglect | Jacobs<br>City<br>Individual Defendants |
| 11 | Conspiracy Against Rights | Jacobs<br>City<br>Individual Defendants |
| 12 | Deprivation of Rights under Color of Law | Jacobs<br>City<br>Individual Defendants |
| 13 | RICO | Jacobs<br>Individual Defendants |
| 14 | Intentional Infliction of Emotional Distress | Jacobs |

FAC at pp. 114-132.

This Court referred the case to Judge DeMarchi to determine if it was related to *Ramachandran I*. Dkt. 5. Judge DeMarchi declined to relate the cases, explaining that "[w]hile the allegations and defendants in all three of Mr. Ramachandran's cases overlap, the Court determines that Case No. 23-cv-2928 should not be related to Case No. 18-cv-1223, as relating the cases will not avoid 'an unduly burdensome duplication of labor and expense if the cases are conducted before different judges.'" Dkt. 6 at 1 (citing Civ. L.R. 3-12(a)(2)). Judge DeMarchi noted that *Ramachandran I* was stayed pending the conclusion of additional litigation in state court, which "appears close to resolution" and which the City defendants claimed would have a

"potentially dispositive effect" on *Ramachandran I*. *Id.* at 1-2.

Judge Freeman similarly declined to relate this case to *Ramchandran II*, finding that "[w]hile the allegations and the defendants in the cases overlap … because *Ramachandran II* has been concluded for over two years, relating the cases will not avoid a duplication of labor and expense." Dkt. 11 at 1-2.

Defendants Jacobs and the City filed motions to dismiss (Dkt. 48, 49), and the City filed a motion to strike (Dkt. 59), all of which related to the FAC. In addition, Jacobs moved to have Plaintiff declared a vexatious litigant (Dkt. 50), and the City moved for sanctions against Plaintiff (Dkt. 7). The Individual Defendants joined the City's motion to dismiss, motion to strike and motion for sanctions. Dkt. 77. Except where noted, references to the "City" in this order encompass the Individual Defendants.

Following briefing and a hearing on the motions, the Court entered the April 22 Order. In that order, the Court: (1) granted Ms. Jacobs' motion to dismiss without leave to amend; (2) granted the City's motion to dismiss without leave to amend; (3) granted the City's motion to strike state law claims; and (4) set a June 18, 2024 hearing on Ms. Jacobs' motion to declare Plaintiff a vexatious litigant and the City's motion for sanctions. Dkt. 93.

## II.     LEGAL STANDARD

Federal courts have "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also* 28 U.S.C. § 1651(a) (All Writs Act) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Where appropriate, a court may issue a pre-filing order that "enjoin[s] the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman v. Quail Lodge*, *Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). The Ninth Circuit has cautioned that "such pre-filing orders should rarely be filed" because of the danger of restricting a litigant's right of access to the courts, but such orders nevertheless are appropriate where a litigant's "[f]lagrant abuse of the judicial process" enables him "to preempt

11

the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessy*, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

Four requirements must be satisfied before a pre-filing order against a vexatious litigant is warranted: (1) the litigant must be given notice and an opportunity to be heard; (2) the district court must compile an adequate record for review; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the resulting order must be "narrowly tailored to closely fit the specific vice encountered." *Id*. The first two requirements are "procedural," while the third and fourth factors are "substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal punctuation and citation omitted).

### III. DISCUSSION

Ms. Jacobs seeks an order declaring Plaintiff a vexatious litigant and requiring a pre-filing review of any future lawsuits. Dkt. 50.

#### A. Notice and Opportunity to be Heard

The first *De Long* factor is procedural and requires only that the litigant be given notice and an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147; *Ringgold-Lockhart*, 751 F.3d at 1063. This factor is satisfied because Plaintiff filed an opposition to the motion to declare him a vexatious litigant, and the Court held an in-person hearing on the motion on June 18, 2024. Dkt. 66 (Opposition); Dkt. 94 (Minute Order).

#### B. Adequate Record for Review

The second *De Long* factor is also procedural and requires the Court to compile a list of all cases and motions to show that Plaintiff is abusing the judicial system. *See De Long*, 912 F.2d at 1147; *Ringgold-Lockhart*, 751 F.3d at 1063. The proceedings described in section I above, along with the Omnibus Request for Judicial Notice filed in this case (Dkt. 79), comprise the record upon which the Court bases its conclusion that Plaintiff has abused the judicial system. Accordingly, the second factor is satisfied.

### C. Frivolous or Harassing Litigation

The third *De Long* factor requires the district court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148; *Ringgold-Lockhart*, 751 F.3d at 1064. To determine whether the litigation is frivolous, district courts must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (internal quotation marks and citation omitted). Alternatively, a court may find that the litigant's claims show a pattern of harassment. *Id.*

The Ninth Circuit has found the following factors helpful in considering the third *De Long* factor: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see also Ringgold-Lockhart*, 761 F.3d at 1062.

Looking at the first *Safir* consideration, which is Plaintiff's litigation history, both this Court and others have found Plaintiff's claims against Ms. Jacobs to be without merit. *See* April 22 Order; *see also, e.g.,* ORJN Ex. 20 (order granting Ms. Jacobs' motion to dismiss in *Ramachandran II*); ORJN Ex. 30 (order granting Ms. Jacobs' motion to strike in *Ramachandran III*).

The second *Safir* consideration asks whether Plaintiff has an objective good faith expectation of prevailing. As the discussion in section I illustrates, the courts have repeatedly rejected Plaintiff's claims against Ms. Jacobs in the early stages of litigation, which put him on notice that he was unlikely to prevail in this case. Because Plaintiff "is bringing the same factual case again and again, in spite of repeated dismissals by a court, he is filing not only duplicative lawsuits but also, necessarily, frivolous and harassing ones." *Hambolu v. Fortress Investment Group*, No. 17-cv-01039-EMC, 2017 WL 1833265, at *4 (N.D. Cal. May 8, 2017). Where, as

here, "[r]ather than accept the consequences" of his earlier actions, he would "simply file another lawsuit … a declaration of vexatiousness is particularly appropriate." *Id.*

The third *Safir* consideration asks whether Plaintiff is represented by counsel. A litigant's pro se status generally cuts against a finding of frivolousness or harassment. *Miletak v. AT&T Servs., Inc.*, No. 12-cv05326-EMC, 2021 WL 9860785, at *5 (N.D. Cal. Mar. 4, 2021) (collecting cases). However, although Plaintiff is pro se in this case, he has been represented by counsel in the other cases described in section I above. Plaintiff's filings in those other cases in this District and in state court, culminating in his pro se filings in this case, have "preempted the use of judicial time" by the courts "that properly could be used to consider the meritorious claims of other litigants" *De Long*, 912 F.2d at 1148. In addition, despite Plaintiff's pro se status in this case, he has demonstrated a familiarity with the legal process in his filings in his case. The deficiencies in Plaintiff's filings in this case are "not a product of legal inexperience, typical of a pro se litigant," *Miletak*, 2021 WL 9860785, at *5, but instead reflect a persistent and meritless attempt to relitigate claims against Ms. Jacobs that have been repeatedly rejected by other courts. Plaintiff's litigation history, including his filing of this case, reflects his pattern of reacting to one court's rejection of his claims against Ms. Jacobs by simply filing a new lawsuit against her on the same claims.

The fourth *Safir* consideration asks "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel." *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24). There is no doubt that Plaintiff's repeated efforts to relitigate claims against Ms. Jacobs, even after courts have rejected those claims early in the litigation, has caused her needless expense. His filings, which have consumed significant judicial resources in this case and others, have also "posed an unwarranted burden on the courts and their personnel in the form of diverted time and resources." *Miletak*, 2021 WL 9860785, at *6.

The fifth and final *Safir* consideration asks whether other sanctions would be adequate to protect the courts and other parties. The Court has considered alternative sanctions, but in light of Plaintiff's litigation history it does not appear that other sanctions would deter him from continuing his litigation campaign against Ms. Jacobs. Notably, at the hearing on this motion,

14

which occurred several weeks after the Court issued the April 22 Order dismissing the First Amended Complaint in this case, Plaintiff continued to argue the merits of his claims and threatened to file motions to vacate the judgments in *Ramachandran I* and *Ramachandran II*. Dkt. 99 (6/18/24 Hearing Transcript) at 26:2-4.[2]  Further, because Plaintiff and Ms. Jacobs are neighbors, they inevitably cross paths, and each interaction apparently has the potential to cause Plaintiff to feel aggrieved and to seek redress in court. *See, e.g.,* Dkt. 99 (7/18/24 Hearing Tr.) at 30:3-12 (Plaintiff's allegations at hearing on this motion that Ms. Jacobs has trespassed into his property several times since the filing of this action, leading Plaintiff to file a restraining order and police complaint).  Thus, declaring Plaintiff a vexatious litigant is the only remedy to stem the tide of Plaintiff repeatedly filing motions and lawsuits against Ms. Jacobs arising out of the "Vexatious Matters" set forth below.

In granting the motion, the Court does not prohibit Plaintiff from accessing the Court, but any action or motion that he files against Ms. Jacobs will be reviewed by a judge to ensure that it does not arise out of the 'Vexatious Matters" identified below.  The relief is thus limited to actions and motions against Ms. Jacobs only, and it is further limited to just the Vexatious Matters.   The Court has separately considered, and granted, the City's motion for sanctions under Rule 11.  There the Court concludes that a substantial fine, payable to the Court, is the minimum remedy that will deter plaintiff from further frivolous actions against the City.   In so doing, the Court has taken care not to sanction Plaintiff twice for the same conduct.   The sanctions are each narrowly tailored to give only the relief necessary to the requesting party to achieve the objective to which the Court has determined the requesting party alone is entitled under the law.

Thus, all five *Safir* considerations weigh in favor of a finding of frivolousness or harassment, warranting a pre-filing order against Plaintiff.  Accordingly, the third *DeLong* factor is satisfied because the Court finds that Plaintiff engaged in frivolous or harassing litigation actions.

---

[2] Plaintiff has since filed a motion for relief from judgment in *Ramachandran I*. *Ramachandran I* Dkt. 395.

15

### D. Narrowly Tailored Order

The final *De Long* factor requires a pre-filing order to be narrowly tailored to the vexatious behavior in order to protect the litigant's right of access to the courts. *De Long*, 912 F.2d at 1148*; see also Ringgold-Lockhart*, 751 F.3d at 1066. As the discussion above demonstrates, Plaintiff has engaged in determined attempts to embroil Ms. Jacobs in repeated litigation concerning her alleged role in the following, which are collectively referred to as the "Vexatious Matters":

(1) The City of Los Altos' denial of permits to Plaintiff prior to January 1, 2018;

(2) The City of Los Altos' enforcement of municipal codes against Ramachandran prior to October 12, 2023[3];

(3) Plaintiff's arrest, citation or prosecution for municipal code violations on or about September 11, 2018;

(4) The location of the boundary line between Plaintiff's property at 889 Santa Rita Avenue, Los Altos and Ms. Jacobs' property at 885 Santa Rita Avenue, Los Altos, as adjudged by the Superior Court of California (Santa Clara County) and as set forth by the Record of Survey prepared by licensed land surveyor Bryan Taylor recorded on November 18, 2016 in the Official Records of Santa Clara County, as File No. 23503844 (the "Taylor Survey"), or the Taylor Survey itself;

(5) The Jacobs' fencing and Accessory Dwelling Unit ("ADU") structure located near the boundary line with Plaintiff's property as they existed on October 12, 2023;

(6) The letter written by the Jacobs' attorney to attorneys for the City of Los Altos dated July 3, 2018;

(7) The Jacobs' communications with the City of Los Altos or police, prior to October 12, 2023, relating to Plaintiff or his property, including with respect to code violations;

---

[3] October 12, 2023 is the date Plaintiff filed the First Amended Complaint in this case. Dkt. 40.

16

  (8) The Jacobs' surveillance cameras on their property prior to January 1, 2022;

  (9) The permits issued by the City of Los Altos to the Jacobses prior to October 12, 2023; and

  (10) Allegations of "fraud on the court" by the Jacobses related in any way to these Vexatious Matters. .

This is the third lawsuit Plaintiff has filed in this District and the fifth overall that he has filed on the Vexatious Matters. Although Ms. Jacobs was not named as a defendant in *Ramachandran I*, Plaintiff unsuccessfully attempted to add her as a defendant. Plaintiff named Ms. Jacobs as a defendant in *Ramchandran II* and this case, as well as the state court case of *Ramachandran III*. In each case, the court has rejected Plaintiff's claims against Ms. Jacobs. Despite the repeated court rulings against him in this and other cases, Plaintiff has been undeterred in his attempts to relitigate the Vexatious Matters against Ms. Jacobs. Given the numerous and meritless filings by Plaintiff, the Court finds it appropriate to declare him a vexatious litigant and to fashion a narrowly-tailored prefiling order.

Plaintiff is therefore **ORDERED** to obtain leave of Court before the filing of any complaint or motion, by or on Plaintiff's behalf and against Ms. Jacobs, arising out of any of the Vexatious Matters unless and until that complaint or motion has first been reviewed by the general duty judge of this court and approved for filing.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Pamela Jacobs' motion and **DECLARES** Plaintiff Satish Ramachandran a vexatious litigant. The Clerk of Court shall not file or accept any further complaints or motions filed by Mr. Ramachandran against Ms. Jacobs related to or arising from the Vexatious Matters, unless and until that complaint or motion has first been reviewed by the general duty judge of this Court and approved for filing.

If Mr. Ramachandran wishes to file such a complaint or motion against Ms. Jacobs, he shall provide a copy of the complaint or motion, a letter requesting that the complaint or motion be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint or motion, letter, and copy of this Order to the general duty judge for a determination

whether the complaint should be accepted for filing. Any violation of this Order will expose Mr. Ramachandran to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**SO ORDERED.**

Dated: July 9, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge