UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>Defendants. | Case No. 23-cv-02928-SVK<br><br>**FURTHER ORDER ON DEFENDANT CITY OF LOS ALTOS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 57 |

Plaintiff Satish Ramachandran, proceeding *pro se*, has owned a residential property in the City of Los Altos since 1993. Dkt. 40 (First Amended Complaint or "FAC") ¶ 1. Plaintiff sought to renovate his home in 2013, was denied permits by the City of Los Altos, was cited for violations of the Los Altos Municipal Code following the City's inspection of his property in 2018, and asserts he was harmed through a deprivation of constitutional rights and a conspiracy between the City, certain former employees of the City, and his neighbor Pamela Jacobs. *See generally* FAC. Mr. Ramachandran was embroiled in litigation and other proceedings involving Ms. Jacobs and the City for approximately six years before he filed this action. The Defendants in this action are Pamela Jacobs ("Ms. Jacobs"), the City of Los Altos ("City"), and three former employees of the City: Kirk Ballard, Jon Biggs, and Chris Jordan (Ballard, Biggs, and Jordan are referred to as the "Individual Defendants" or "City employees"). *See* FAC ¶¶ 2-6. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 9, 18, 19, 74, 75, 76.

On April 22, 2024, the Court issued an order in which it: (1) granted Ms. Jacobs' motion to dismiss (Dkt. 48) without leave to amend; (2) granted the City's motion to dismiss (Dkt. 49) without leave to amend; and (3) granted the City's motion to strike Plaintiff's state claims (Dkt. 59). Dkt. 93 (the "April 22 Order"). The April 22 Order also contained the Court's rulings on various administrative motions and requests for judicial notice associated with the primary

motions. *See, e.g., id.* at 13-15.

In the April 22 Order, the Court set an in-person hearing for June 18, 2024 on: (1) Ms. Jacobs' motion to declare Plaintiff a vexatious litigant (Dkt. 50); and (2) the City's motion for sanctions against Plaintiff (Dkt. 57). *Id.* at 34-36.

This Order contains the Court's ruling on the City's motion for sanctions (Dkt. 57). The motion is fully briefed. *See id.*; Dkt. 83 (opposition); Dkt. 85 (reply). The Court held a hearing on June 18, 2024, at which Plaintiff, counsel for Ms. Jacobs, and counsel for the City appeared in person. For the reasons that follow, the Court **GRANTS** the City's motion for sanctions on the terms set forth below. The Court will issue a separate order on Ms. Jacobs' motion to declare Plaintiff a vexatious litigant.

**I.    BACKGROUND**

This Section I repeats verbatim Section I of the Court's April 22 Order, except concerning events occurring on or after April 22, 2024. The underlying facts concerning Plaintiff's attempt to create an accessory dwelling unit (ADU) and make other improvements to his property beginning in 2013 and the ensuing conflict with the City, various individuals who were then City employees, and his neighbor Pamela Jacobs are discussed in detail in an order issued by Judge Beth Labson Freeman in *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF (*"Ramachandran II"*), in which Judge Freeman granted various parties' motions to dismiss Plaintiff's complaint in that case. *See* ORJN Ex. 20.[1] As explained in Judge Freeman's order, in July 2018, Defendant Jacobs' lawyer sent the City's attorney a letter regarding alleged code violations on Plaintiff's property. *Id.* at 5. The City subsequently obtained a search warrant, inspected Plaintiff's property, and charged Plaintiff with various violations of the Los Altos Municipal Code. *Id.* at 5-6. Many of Plaintiff's allegations in the present case relate to and stem from the 2018 search warrant. *See, e.g.,* FAC ¶ 136 *et seq.*

---

[1] Citations to "ORJN Ex. ___" are to the exhibits to the Omnibus Request for Judicial Notice at Dkt. 79.

### A. The Parties

#### 1. Plaintiff Satish Ramachandran

Plaintiff emigrated from India to the United States in 1986. FAC ¶ 1. In 1993, he purchased a residence on Santa Rita Avenue in Los Altos, where he has resided through the present. *Id.*

#### 2. Defendant Pamela Jacobs

Since approximately 1992, Defendant Jacobs has owned property on Santa Rita Avenue next door to Plaintiff's property. *Id.* ¶ 6.

#### 3. Defendant City of Los Altos

Defendant City of Los Altos is a municipality located within this District.

#### 4. Defendant Kirk Ballard

Plaintiff alleges that from approximately 1993 until October 2021, Defendant Ballard was employed by the City in various positions, including as a building official. FAC ¶ 5.

#### 5. Defendant Jon Biggs

Plaintiff alleges that from approximately January 2016 until December 2021, Defendant Biggs was the City's Director of Community Development. FAC ¶ 4.

#### 6. Defendant Chris Jordan

Plaintiff alleges that from approximately April 2016 until December 2020, Defendant Jordan was the Los Altos City Manager. FAC ¶ 3.

### B. Previous Actions

#### 1. *Jacobs et al. v. Ramachandran et al.*, Santa Clara County Superior Court Case No. 17CV312418 (the "Property Action")

On June 29, 2017, Pamela Jacobs and her husband James filed an action against Mr. Ramachandran in Santa Clara County Superior Court, Case No. 17cv312418 (the "Property Action"). ORJN Ex. 1. The Jacobses sought to quiet title and obtain declaratory and injunctive relief in this dispute over the boundary line between their respective properties. *Id.* Mr. Ramachandran filed a cross-complaint seeking similar relief and adding claims for nuisance and trespass against both James and Pamela Jacobs and for assault and battery against Mr. Jacobs. ORJN Ex. 2. At trial, Mr. Ramachandran sought to introduce a July 2018 letter from Ms. Jacobs'

3

1  counsel to the Los Altos City Attorney, but the trial judge (Hon. Cynthia Lie) issued an order
2  finding this letter "does not support a theory of Intentional Infliction of Emotional Distress,
3  Conspiracy or Collusion" and "that this Exhibit shows only that the Jacobs made a complaint to
4  the City of Los Altos and the Jacobs' counsel summarized a list of code enforcement grievances
5  and provided it to the City." ORJN Ex. 3. This letter will be discussed in more detail below.

Following a bifurcated bench trial, the trial court issued judgments in favor of the Jacobses on all causes of action in both their complaint and Mr. Ramachandran's cross-complaint. ORJN Ex. 4. The Sixth District Court of Appeal affirmed the trial court judgments in favor of the Jacobses. ORJN Ex. 5.

### 2. *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*")

On February 25, 2018, Plaintiff filed a complaint in this District, *Ramachandran v. City of Los Altos, et al.*, N.D. Cal. Case No. 18-cv-01223-VKD ("*Ramachandran I*"). The case was assigned to Magistrate Judge Virginia DeMarchi. The complaint in *Ramachandran I* originally named a number of defendants including the City, Ballard, and Biggs and alleged the following causes of action: violation of First Amendment Rights and Fourteenth Amendment rights (equal protection) under 42 U.S.C §1983; discrimination (both State and Federal), and Intentional Infliction of Emotional Distress ("IIED"). ORJN Ex. 1. Plaintiff would later amend his complaint multiple times, and he ultimately added Jordan as a defendant, dropped his claims for Discrimination and IIED, and added claims against the City for Municipal Liability under 42 U.S.C. §1983. *See* ORJN Ex. 13.

In 2020, after discovery had closed, Plaintiff sought leave to amend the Third Amended Complaint and to file a Fourth Amended Complaint to include a new cause of action against the City defendants for violation of the federal Racketeer Influenced Corrupt Organizations ("RICO") statute. ORJN Ex. 11. Plaintiff also sought to add several defendants to *Ramachandran I*, including Pamela Jacobs, the City's former counsel, and Los Altos City Attorneys at the law firm Best, Best, and Krieger. *Id*. at 3-4; *see also* ORJN Ex. 12 at 5.

Except as noted in this paragraph, Judge DeMarchi denied Plaintiff's request to add new

4

claims and defendants because the proposed pleading "[did] not concern any events post-dating the [Third Amended Complaint] filed in March 18, 2019." ORJN Ex. 12 at 9. The court also concluded that Plaintiff unreasonably delayed in seeking leave to amend because he had notice of the facts that would give rise to such claims: "[I]t appears that the facts underlying Mr. Ramachandran's proposed amendments were known to him as of the date he filed the [Third Amended Complaint], and that he delayed for nearly a year thereafter to further amend his complaint. There is no justification for this prolonged delay." *Id*. at 10 (emphasis added). Consequently, Judge DeMarchi denied Plaintiff's request to add a civil RICO claim, a state law claim for intentional infliction of emotional distress, and certain defendants. *Id*. at 16. However, Judge DeMarchi granted Plaintiff's request to add two *Monell* claims and to add Jordan as a defendant on the section 1983 claims. *Id.* at 17. Plaintiff then filed the Fourth Amended Complaint. ORJN Ex. 13.

Defendants moved for summary judgment on the claims in the Fourth Amended Complaint, and in January 2021, Judge DeMarchi granted in part and denied in part the motion. ORJN Ex. 14 at 1, 31. The court granted summary judgment in the defendants' favor on Plaintiff's equal protection claim for failing to establish a genuine issue of material fact of racial discrimination or any violation of equal protection under the Fourteenth Amendment. *Id*. at 29-30. The court reasoned that Plaintiff presented "no admissible evidence that supports an inference of discrimination, let alone an inference of a custom or practice." *Id*. at 25. The court also granted summary judgment on some of the claims of *Monell* liability against the City. *Id*. at 28-30. The court denied summary judgment on Plaintiff's claim for violation of his First Amendment rights as to defendants Jordan and Ballard, holding that there was a genuine issue of material fact as to whether Plaintiff was retaliated against by the City defendants for bringing a lawsuit against them. *Id*. at 18-19. The court also denied summary judgment on a portion of one of the *Monell* claims that was based on the conduct of the individuals as alleged final decision makers or final policy makers for the City. *Id.* at 28-30.

In June 2022, the City defendants moved the court to stay the proceedings in *Ramachandran I*, arguing that the matter could not proceed to trial until administrative

5

proceedings between Plaintiff and the City defendants had resolved. *See* ORJN Ex. 15. Judge DeMarchi granted a stay, finding that (1) relatively little harm would result from granting a stay, (2) it would be unfair to require defendants to proceed to trial without the benefit of a final decision in the administrative matter, and (3) the resolution of the proceedings would simplify the presentation of evidence in this case. *Id.* at 4-8.

Judge DeMarchi held a case management conference on April 9, 2024 at which she lifted the stay, set a deadline for the defendants to file motion(s) addressing the impact of various state court cases on the remaining First Amendment issues, and set a jury trial for September 2024. *See Ramachandran I* Dkt. 365. Judge DeMarchi further ordered that "[t]he Court will not re-open discovery or permit further motion practice on the Fourteenth Amendment claims that the Court has already resolved against Mr. Ramachandran" in the court's summary judgment order in that case. *Id.*

The defendants subsequently filed a motion for judgment on the pleadings. *Ramachandran I* Dkt. 368. Following briefing and a hearing, Judge DeMarchi granted the defendants' motion for judgment on the pleadings and entered judgment in favor of the defendants and against Plaintiff on June 6, 2024. *Ramachandran I* Dkts. 391, 392. On July 5, 2024, Plaintiff filed a motion for relief from judgment in *Ramachandran I*, which is now pending. *Ramachandran I* Dkt. 395.

### 3. *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-03693-BLF ("*Ramachandran II*")

In August 2020, Plaintiff filed another lawsuit in this District, *Ramachandran v. Best, Best & Krieger, et al.*, N.D. Cal. Case No. 20-cv-3693-BLF ("*Ramachandran II*"). ORJN Ex. 16. That case was assigned to Judge Freeman. The complaint in *Ramachandran II* asserted the following causes of action against the City Defendants (but did not include Jon Biggs as a defendant): violation of Plaintiff's First Amendment Rights under 42 U.S.C §1983 and violation of his Fourteenth Amendment rights under 42 U.S.C §1983 (equal protection). *Id.* ¶¶ 119-128. The complaint also alleged RICO liability under 18 U.S.C. §1962(c) and (d) against various City employees as well as Pamela Jacobs and a law firm and two attorneys from that firm who had

represented the City (Best, Best & Krieger, Christopher Diaz, and Christina Hickey), based on allegations that various City actors collaborated against Plaintiff in issuing citations of code violations and taking enforcement actions against him. *Id.* ¶¶ 129-131. The complaint also included a claim for intentional infliction of emotional distress against Jacobs. *Id.* ¶¶ 132-135.

In August 2020, the City defendants moved to dismiss the claims against them in *Ramachandran II*, arguing in relevant part that the doctrine of claim-splitting barred the claims. Judge Freeman granted the motion and dismissed with prejudice the operative complaint. ORJN Ex. 20. In the order, the court held that the claims against the City defendants were barred for claim-splitting based on the allegations made in *Ramachandran I*, ruling that Plaintiff should have brought the claims in that action. *Id.* at 12-16. Specifically, the court found that *Ramachandran I* and *Ramachandran II* arose from the same transactional nucleus of facts, despite the addition of the RICO claim in *Ramachandran II* which did not exist in *Ramachandran I*, because "Mr. Ramachandran has pled his RICO claim as predicated on the same transactional nucleus of facts as his Section 1983 claims against the City Employee Defendants." *Id.* at 14. Further, the court found that the same rights were alleged to have been infringed in *Ramachandran II* as in *Ramachandran I* because the RICO claim was "predicated on a scheme resulting in an injury to his property rights and his ability to develop his property to produce rental income," and *Ramachandran I* claimed "an injury to his property rights" as well. *Id.* at 15.

During the pendency of *Ramachandran II*, Plaintiff added a claim for malicious prosecution based on dismissal of the state court misdemeanor charge stemming from the 2018 search of Plaintiff's property. *See* ORJN Ex. 16 ¶ 106; ORJN Ex. 17 at 2; ORJN Ex. 21 at 2. Judge Freeman's dismissal order did not dispose of this claim, which was not addressed by the motions to dismiss. *See* ORJN Ex. 20 at 19. However, Judge Freeman subsequently denied Plaintiff's motion for leave to amend his malicious prosecution claim to add new parties and new facts, finding that Plaintiff was not diligent in seeking the amendment. ORJN Ex. 23 at 4. On April 8, 2021, Plaintiff voluntarily dismissed *Ramachandran II*. ORJN Ex. 24. No appeal was taken in that case. *See* ORJN Ex. 25.

### 4. *Ramachandran v. City of Los Altos, et al.*, Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*")

Following the dismissal of *Ramachandran II*, Plaintiff filed another action asserting the same claims, this time in state court, *Ramachandran v. City of Los Altos et al.*, Santa Clara County Superior Court Case No. 21CV391414 ("*Ramachandran III*"). The causes of action asserted in *Ramachandran III* included: Malicious Prosecution, violation of the Bane Act, Civil Code § 52.1, violation of the Unruh Act, Civil Code §§ 51, 52. ORJN Ex. 26. Plaintiff also named Pamela Jacobs as a defendant. *Id.* Plaintiff's claims alleged unfair treatment, discrimination, falsifying code violations through executing an inspection warrant, and improperly prosecuting him. *Id*.

In February 2022, the City defendants filed a motion to strike the *Ramachandran III* complaint pursuant to Code of Civil Procedure § 425.16 ("anti-SLAPP Motion"), arguing that Plaintiff's claims arose from the City defendants' petitioning activity in bringing a criminal action against Plaintiff and investigating Plaintiff's suspected violations of the municipal code. ORJN Ex. 27. Specifically, the City defendants argued that Plaintiff's claims should be stricken because the malicious prosecution claim was barred by governmental immunities, the Bane and Unruh Act claims failed to comply with Government Code §§ 905 and 945.6 ("Tort Claims Act"), and all claims were independently barred by res judicata. *Id.* Jacobs also filed an anti-SLAPP motion to strike in *Ramachandran III* that made similar arguments. ORJN Dkt. 28.

In June 2022, the Superior Court entered orders granting the City and Jacobs' motions to strike in their entirety. ORJN Ex. 29, 30. The Parties disagree about whether Plaintiff appealed the orders. Jacobs and the City assert that "Plaintiff has two pending appeals in the matter but they were not taken from the Court's judgment dismissing the claims with prejudice." Dkt. 49 at 10 n.6; Dkt. 48 at 10 n.4. Instead, according to Defendants, Plaintiff appealed the attorney fees award and an order denying a motion to set aside the judgment that was brought under Code of Civil Procedure § 473. *Id.*; *see also* ORJN Ex. 34. Plaintiff, on the other hand, states that he appealed "both the judgment and the attorney's fees award." Dkt. 64 at 14 (citing Sixth District Court of Appeals Case Nos. H051230 and H050773). The City identifies Appeal No. H050773 as the appeal of the attorney fees order and Appeal No. H050773 as the appeal of the order denying Plaintiff's motion to set aside the judgment. Dkt. 78 at 6-7.

On March 14, 2024, the Sixth District Court of Appeals dismissed Appeal No. H051230 as untimely.  Dkt. 86 at Ex. A.  Plaintiff's opening brief in Appeal No. H050773 was due in April 2024.  *Id.*

### 5. OAH Proceedings and State Court Writ Action ("OAH Matter" or *Ramachandran IV*")

As briefly discussed above, in September 2018, following an inspection of Plaintiff's property, the City issued a Violation Letter finding violations of the Los Altos Municipal Code ("LAMC"), which Plaintiff thereafter appealed to the City.  *See* ORJN Ex. 35 at 3-4.  The City referred the matter to the Office of Administrative Hearings ("OAH"), which held an evidentiary hearing in August 2021.  *See id.*  After the hearing, the OAH issued an order concluding that Plaintiff's property violated certain provisions of the LAMC.  *Id.*

Plaintiff subsequently filed a petition for writ for administrative mandamus in Santa Clara County Superior Court concerning the OAH decision, styled *Ramachandran v. City of Los Altos*, Santa Clara County Superior Court Case No. 21CV386694 ("*Ramachandran IV*").  *See* ORJN Ex. 36.  The superior court sustained the City's demurrer to the writ, and the superior court dismissed the case with prejudice in February 2023.  ORJN Ex. 39.  Plaintiff appealed, and on April 3, 2024, the Sixth District Court of Appeal dismissed the appeal as untimely.  Dkt. 90, Ex. B.

### C. This Action

Plaintiff filed this action on June 14, 2023.  Dkt. 1. Rather than opposing various pleading motions filed by Jacobs and the City (Dkt. 31, 32, 36), Plaintiff exercised his right under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B) to file the First Amended Complaint on October 12, 2023.  The FAC, which is the operative complaint in this case,  contains 14 causes of action, which Plaintiff delineates as follows:

| Number | Cause of Action | Defendants |
|---|---|---|
| 1 | First Amendment Violation | City<br>Individual Defendants |
| 2 | Violation of the Bane Act, California Civil Code § 52.1; Right to Redress Government for Redress of Grievances, Per Article I, § 3 of California's Constitution | Jacobs<br>City<br>Individual Defendants |

9

| 3 | Fourth Amendment Violation – Unreasonable Search | Jacobs<br>City<br>Individual Defendants |
|---|---|---|
| 4 | Violation of the Bane Act, California Civil Code § 52.1; Prohibition Against Warrantless Property Searches, Per Article I, § 13 of California's Constitution | Jacobs<br>City<br>Individual Defendants |
| 5 | Fourteenth Amendment Violation - Equal Protection | Jacobs<br>City<br>Individual Defendants |
| 6 | Violation of the Bane Act, California Civil Code § 52.1; Breach of Due Process Rights to be Free from Criminal Charges on the Basis of False Evidence, Per Article I, § 7 of California's Constitution | City<br>Individual Defendants |
| 7 | Fourteenth Amendment Violation (*Monell*) | City |
| 8 | Discrimination – State and Federal | City<br>Individual Defendants |
| 9 | Conspiracy to Interfere with Civil Rights | Jacobs<br>City<br>Individual Defendants |
| 10 | Neglect | Jacobs<br>City<br>Individual Defendants |
| 11 | Conspiracy Against Rights | Jacobs<br>City<br>Individual Defendants |
| 12 | Deprivation of Rights under Color of Law | Jacobs<br>City<br>Individual Defendants |
| 13 | RICO | Jacobs<br>Individual Defendants |
| 14 | Intentional Infliction of Emotional Distress | Jacobs |

FAC at pp. 114-132.

This Court referred the case to Judge DeMarchi to determine if it was related to *Ramachandran I*. Dkt. 5. Judge DeMarchi declined to relate the cases, explaining that "[w]hile the allegations and defendants in all three of Mr. Ramachandran's cases overlap, the Court determines that Case No. 23-cv-2928 should not be related to Case No. 18-cv-1223, as relating the cases will not avoid 'an unduly burdensome duplication of labor and expense if the cases are conducted before different judges.'" Dkt. 6 at 1 (citing Civ. L.R. 3-12(a)(2)). Judge DeMarchi noted that *Ramachandran I* was stayed pending the conclusion of additional litigation in state court, which "appears close to resolution" and which the City defendants claimed would have a

10

1  "potentially dispositive effect" on *Ramachandran I. Id.* at 1-2.

2  Judge Freeman similarly declined to relate this case to *Ramchandran II*, finding that
3  "[w]hile the allegations and the defendants in the cases overlap … because *Ramachandran II* has
4  been concluded for over two years, relating the cases will not avoid a duplication of labor and
5  expense." Dkt. 11 at 1-2.

6  Defendants Jacobs and the City filed motions to dismiss (Dkt. 48, 49), and the City filed a
7  motion to strike (Dkt. 59), all of which related to the FAC. In addition, Jacobs moved to have
8  Plaintiff declared a vexatious litigant (Dkt. 50), and the City moved for sanctions against Plaintiff
9  (Dkt. 7). The Individual Defendants joined the City's motion to dismiss, motion to strike and
10 motion for sanctions. Dkt. 77. Except where noted, references to the "City" in this order
11 encompass the Individual Defendants.

12 Following briefing and a hearing on the motions, the Court entered the April 22 Order. In
13 that order, the Court: (1) granted Ms. Jacobs' motion to dismiss without leave to amend; (2)
14 granted the City's motion to dismiss without leave to amend; (3) granted the City's motion to
15 strike state law claims; and (4) set a June 18, 2024 hearing on Ms. Jacobs' motion to declare
16 Plaintiff a vexatious litigant and the City's motion for sanctions. Dkt. 93.

17 **II.    LEGAL STANDARD**

18 By presenting a pleading, written motion, or other paper to the court ("whether by signing,
19 filing, submitting or later advocating it"), an attorney or unrepresented party certifies that to the
20 best of his knowledge, information, and belief, after conducting an "inquiry reasonable under the
21 circumstances," certain matters, including that (1) the document is well grounded in fact and
22 warranted by existing law (or proposes a nonfrivolous argument for extension of the existing law),
23 and (2) the document is not filed for an improper purpose "such as to harass or cause unnecessary
24 delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)-(2). "A finding of
25 subjective bad faith is not required under Rule 11; rather, Rule 11 is governed by an objective
26 standard of reasonableness." *Integrated Cir. Sys., Inc. v. Realtek Semiconductor Com., Ltd.*, No.
27 C00-4035 MMC(BZ), 2002 WL 532122, at *3 (N.D. Cal. Apr. 5, 2002) (citations omitted); *see
28 also Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994); Advisory Committee Notes to the 1993

11

1  Amendments to Rule 11. Rule 11(c) empowers federal courts to impose sanctions for violations

2  of Rule 11(b). Rule 11's "central purpose" is to "deter baseless filings in district court" and

3  provides for the assessment of sanctions upon the attorney, law firm, or party that violated the

4  rule. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

**III.  DISCUSSION**

The City argues that Plaintiff should be sanctioned for violating Rule 11(b)(1)-(2) because the FAC in this case is frivolous and was filed for the improper purpose of harassment. Dkt. 57 at 12-24.[2] For the reasons that follow, the Court concludes that sanctions are warranted under Rule 11 on both grounds.

First, Plaintiffs' claims in the FAC are frivolous for the reasons explained in the April 22 Order. Specifically, Plaintiff's claims against the City are barred by the doctrine of claim splitting because this case and *Ramachandran I* involve the same parties, causes of action, and relief sought. *See* Dkt. 57 at 16-26. Plaintiff has not established that it was reasonable to believe, following a reasonable inquiry, that his claims had merit, as required under Rule 11(b)(2). Plaintiff's claims were rejected in *Ramachandran I*, and similar claims were dismissed on the grounds of claim splitting in *Ramachandran II*. Significantly, Plaintiff admitted at the hearing that he read Judge Freeman's order on claim splitting in *Ramachandran II*. Dkt. 99 (6/18/24 Hearing Transcript) at 49:15-20. Thus Plaintiff was on notice that the claims in the FAC in this case were not meritorious, despite his assertion that he had new evidence to support those claims. Yet Plaintiff not only filed the FAC in this case, but he continued to advocate in favor of it even after the City moved to dismiss the original complaint and the FAC and twice warned Plaintiff that it would seek sanctions. *See* Dkt. 31, 57, Dkt. 57-2 ¶¶ 28-29. This conduct is sanctionable under Rule 11. *See, e.g., Kaufman v. Int'l Long Shore and Warehouse Union*, No. 16-cv-03386-JST, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (awarding sanction of attorney's fees and costs against pro se plaintiffs who filed successive cases on nearly identical claims); *McMahon v. Pier*

---

[2] Together with its motion for sanctions, the City filed a request for judicial notice of certain documents. Dkt. 57-1. Those documents were included in the Omnibus Request for Judicial Notice subsequently filed at the Court's request (Dkt. 79) and are addressed in the Court's April 22 Order. *See* Dkt. 93 at 13-15.

*39 Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (awarding Rule 11 sanctions against pro se plaintiff who "made numerous attempts to raise novel theories in each successive action" but "at bottom ... ha[d] been merely restating the same underlying claims in several successive lawsuits"). The fact that Plaintiff (who has been represented by counsel in his other cases against the City and City employees) is acting *pro se* in this case does not change the Court's conclusion that Plaintiff did not have a nonfrivolous basis for attempting to relitigate his claims against the City and City employees in this case, particularly given his conduct in repeatedly filing cases based on the same rejected theories.

Second, the evidence supports a conclusion that Plaintiff filed this case for the purpose of harassing the City, in violation of Rule 11(b)(1). "It is well-settled in the Ninth Circuit that the filing of 'successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11.'" *Kaufman,* 2017 WL 3335760, at *5 (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), as amended on denial of reh'g (Mar. 26, 1997)) (other citations omitted). "This is true even when a plaintiff is proceeding pro se." *Kaufman,* 2017 WL 3335760, at *5 (citation omitted); *see also McMahon*, 2003 WL 22939233, at *6. As explained above, Plaintiff's claims against the City were rejected in *Ramachandran I*, and claims similar to those made by Plaintiff in this case were dismissed on the grounds of claim splitting in *Ramachandran II*. Moreover, the three cases Plaintiff has filed in this District are not his only cases against the City and/or City employees; Plaintiff also litigated against them in two state cases. *See* April 22 Order at 9-10. Plaintiff has "been merely restating the same underlying claims in several successive lawsuits," which is conduct that "harass[es] the defendants" in violation of Rule 11. *Kaufman,* 2017 WL 3335760, at *5 (quoting *McMahon,* 2003 WL 22939233, at *6).

Accordingly, Plaintiff's conduct in this case is sanctionable under Rule 11.

The City's motion for sanctions complies with Rule 11's procedural requirements. The rule requires that a challenged party be given 21 days to address an alleged violation before any motion for sanctions is filed. Fed. R. Civ. P. 11(c)(2). On September 18, 2023, the City sent Plaintiff a pre-filing copy of a motion for sanctions along with an email explaining that the City

13

would proceed with the motion if Plaintiff did not withdraw or correct the challenged portions of the original complaint. Dkt. 57-2 ¶ 28; Dkt. 57-3 at Ex. 23. On October 12, 2023 Plaintiff filed the FAC, which reiterated and added to the allegations of the original complaint. Dkt. 40. Thereafter, on November 13, 2023, the City again notified Plaintiff that it would seek sanctions under Rule 11 concerning the FAC. Dkt. 57-2 ¶ 29. The City then waited 22 days before filing the present motion for sanctions. *See* Dkt. 57. Plaintiff did not at any time withdraw the FAC.

Having concluded that Rule 11 sanctions are appropriate, the Court must consider what form of sanction to impose. "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." Advisory Committee Notes to 1993 Amendments to Rule 11. Rule 11 provides for both nonmonetary and monetary sanctions. *See* Fed. R. Civ. P. 11(c)(4).

In its sanctions motion, the City seeks Rule 11 sanctions in the form of an order striking the FAC, an award to the City of the reasonable attorney fees it has incurred in this action, or in the alternative a fine payable by Plaintiff to the Court. Dkt. 57 at 24-25. In its April 22 Order, the Court has already dismissed all claims against the City and the City employees and stricken the state law claims against those Defendants. *See* Dkt. 93. Accordingly, the City's request to sanction Plaintiff by striking the FAC is **DENIED AS MOOT**. *See Kaufman*, 2017 WL 3335760, at *4.

The Court finds that additional nonmonetary sanctions would not serve as an effective deterrent in this case. As discussed in the April 22 Order, which dismissed Plaintiffs' claims against the City and City employees in this case, Plaintiff filed the FAC despite several previous court rulings rejecting his claims against the City and City employees. Plaintiff admitted at the hearing that he had read both the April 22 Order in this case and Judge Freeman's earlier order dismissing the operative complaint in *Ramachandran II*. Dkt. 99 (6/18/24 Hearing Transcript) at 49:15-20. Even so, at the hearing Plaintiff did not indicate any intention to change his past pattern of litigation conduct and instead continued to press his arguments as to the merits of his claims,

14

1    including stating that he would attempt to vacate the judgments in both *Ramachandran I* and
2    *Ramachandran II*. *See, e.g., id.* at 26:2-4. Plaintiff's comments show that he remains undeterred
3    from continuing his unsuccessful campaign to relitigate the same issues against the City even after
4    this Court rejected those claims in the April 22 Order, as other courts had done earlier. The Court
5    is forced to conclude that under these circumstances, an award of monetary sanctions is the only
6    way to deter Plaintiff's sanctionable conduct.
7        The City requests either an award to the City of its reasonable attorney fees or imposition
8    of a monetary penalty payable to the Court. Dkt. 57 at 24-25. Either sanction is available here:
9    Rule 11(c)(4) authorizes "an order to pay a penalty into court" and also authorizes an award of
10   reasonable attorney's fees where, as here, such an award is sought on noticed motion. *See* Fed. R.
11   Civ. P. 11(c)(4). The City's motion for sanctions does not quantify or provide evidence of the
12   attorney fees it has incurred,[3] but at the hearing the City represented that it has incurred "hundreds
13   of thousands" in attorney fees in this case, which is consistent with the Court's experience in such
14   matters. Dkt. 99 (6/18/24 Hearing Transcript) at 44:3-5. The Court has the authority to tailor a
15   sanction to award only a portion of fees incurred if sufficient to serve the deterrent purpose of
16   Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(4); Advisory Committee Notes to the 1993
17   Amendments to Rule 11. However, the Court finds that an award against Plaintiff of hundreds of
18   thousands of dollars in attorney fees, or even an award of partial fees, is not warranted at the
19   present time, particularly where it appears that no court has previously sanctioned Plaintiff. *See*
20   Dkt. 99 (6/18/24 Hearing Transcript) at 50:20-25.
21       As mentioned, another type of monetary sanction available under Rule 11 is a penalty
22   payable to the Court. Fed. R. Civ. P. 11(c)(4). Although "under unusual circumstances,
23   particularly for [Rule 11](b)(l) violations" an order may require the party who violated Rule 11 to
24   direct some or all of a monetary sanction to the party injured by the violation, "[s]ince the purpose
25   of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary

---

[3] A court may grant a motion for Rule 11 sanctions and thereafter direct the party seeking sanctions to submit evidence regarding the fees and costs to enable the court to determine the appropriate amount of a sanction. *See McMahon*, 2003 WL 22939233, at *9.

15

sanction is imposed, it should ordinarily be paid into court as a penalty." Advisory Committee Notes to the 1993 Amendments to Rule 11; *see also McGough v. Wells Fargo Bank, N.A.*, No. C12-0050 TEH, 2012 WL 6019108, at *5 (N.D. Cal. Dec. 3, 2012) ("Rule 11 is not designed as a fee-shifting provision or to compensate the opposing party. Its primary purpose is to deter sanctionable conduct").

The Court concludes that under the circumstances of this case, an appropriate sanction is to require Plaintiff to pay a penalty to the Court in the amount of **$10,000.00**  This amount balances Plaintiff's status as an individual, *pro se* plaintiff who has not previously been sanctioned against the fact that he has repeatedly sued the City and City employees on the same claims, and on several occasions (including his filing of this lawsuit) Plaintiff has responded to the dismissal of one such lawsuit by filing another duplicative lawsuit, thereby requiring the courts to expend resources repeatedly adjudicating arguments that were previously found to be without merit.

In granting the City's motion for sanctions under Rule 11, the Court concludes that a substantial fine, payable to the Court, is the minimum remedy that will deter plaintiff from further frivolous actions against the City.  The Court has separately considered, and granted, Ms. Jacobs' motion to declare Plaintiff a vexatious litigant.  In issuing these orders, the Court has taken care not to sanction Plaintiff twice for the same conduct.  The sanctions are each narrowly tailored to give only the relief necessary to the requesting party to achieve the objective to which the Court has determined the requesting party alone is entitled under the law.

Plaintiff's ability to pay a monetary sanction is a factor the Court "should" consider. *Gaskell v. Weir*, 10 F.3d 626, 620 (9th Cir. 1993). "Simple logic compels" that "the sanctioned party has the burden to produce evidence of inability to pay," since he best knows his financial situation. *Id.* Accordingly, if Plaintiff wants the Court to consider his inability to pay a penalty of $10,000.00 to the Court, he may file the following no later than **July 30, 2024:** (1) a brief statement, not to exceed 5 pages, limited to the issue of the <u>amount</u> of sanctions; (2) a declaration, signed under oath, with an explanation of his inability to pay a $10,000.00 penalty and which supports (3) any admissible evidence referenced in either the statement or the declaration which establishes  his inability to pay a $10,000.00 penalty.  Plaintiff's submission may be filed under

16

seal, and any supporting evidence shall be treated as "Attorneys-Eyes Only," and is to be viewed only by counsel for the City.

Finally, the Court admonishes Plaintiff that this award of sanctions is made under the present circumstances in this case and is without binding effect in any other proceeding, in which this Court or others may impose much harsher Rule 11 sanctions on Plaintiff, including but not limited to an award of attorney's fees and other expenses to the opposing party, if Plaintiff continues to engage in the conduct described in this order.

## IV. CONCLUSION

For the foregoing reasons, the City's motion for sanctions is **GRANTED**, and the Court imposes a penalty on Plaintiff payable to the Court. If Plaintiff wants the Court to consider his inability to pay a penalty in the amount of $10,000.00 to the Court, he may submit the following no later than **July 30, 2024:** (1) a brief statement, not to exceed 5 pages, limited to the issue of the amount of sanctions; (2) a declaration, signed under oath, with an explanation of his inability to pay a $10,000.00 penalty and which supports (3) any admissible evidence referenced in either the statement or the declaration which establishes his inability to pay a $10,000.00 penalty. On that date, the matter will stand submitted, and the Court will thereafter issue an order setting forth the final amount of the penalty and a deadline for payment to the Clerk of Court.

**SO ORDERED.**

Dated: July 9, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

17