UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH RAMACHANDRAN,<br>　　　　Plaintiff,<br>　v.<br>CITY OF LOS ALTOS, et al.,<br>　　　　Defendants. | Case No.  23-cv-02928-SVK<br><br>**ORDER ON PLAINTIFF'S PENDING ADMINISTRATIVE MOTIONS**<br><br>Re: Dkt. Nos. 110, 111, 112, 113 |

　　　　This order addresses the following motions presently before the Court:  (1) Plaintiff's administrative motion requesting that the Court address "violations of the Court's order and extrinsic frauds on court" (Dkt. 110); (2) Plaintiff's administrative motion requesting the Court to maintain the seal on its August 6, 2024 order to show cause (Dkt. 111); and (3) and (4) Plaintiff's administrative motions "requesting the Court to investigate" (Dkts. 112, 113).  These motions are suitable for determination without further briefing or a hearing.  Civ. L.R. 7-1(b).

　　　　Having reviewed these motions, the Court **ORDERS** as follows:

　　　　1. Plaintiff filed certain materials under seal on July 30, 2024 pursuant to the Court's July 9, 2024 Further Order on Defendant City of Los Altos' Motion for Sanctions. Dkt. 105-107  (the "July 30 submission"); *see also* Dkt. 104 (July 9 order).  The Court authorized Plaintiff to file the July 30 submission under seal and intended that it be made available for viewing, which is understood to include downloading, only to counsel for Defendant City of Los Altos on an attorneys-eyes-only basis. *See* Dkt. 104 at 16-17.  However, court staff subsequently made the sealed July 30 submission available not only to counsel for Defendant City of Los Altos but also to counsel for Defendant Pamela Jacobs.  This was due to an error by court staff and did not result from the misconduct of any defense counsel.  Nevertheless, the

Court **ORDERS** counsel for Defendant Jacobs to retrieve and delete all electronic copies and to retrieve and destroy all hard copies of the July 30 submission and to refrain from the use of that material for any purpose. Counsel for Defendant Jacobs is to submit a declaration of compliance with this Order no later than **September 3, 2024.**

2. The following portion of the August 6, 2024 Order to Show Cause (Dkt. 108) shall remain under seal: from the sentence starting at the end of page 2:line 1 through the end of that sentence and accompanying citation at page 2:line 3; and from the sentence that begins at the end of page 2:line 5 through page 2:line 11. Plaintiff's submission at Dkt. 111 fails to make the necessary showing of compelling reasons to seal any other portion of the August 6 Order to Show Cause. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). The Court will file a redacted copy of Dkt. 108 on the public docket that conforms to these rulings.

3. Except as expressly granted in this order, all of Plaintiff's requests for relief in Dkts. 110, 111, 112, and 113 are **DENIED**.

4. Dkts. 110, 111, 112, and 113 were filed under seal without prior Court authorization and without an accompanying Administrative Motion to File Under Seal as required under Civil Local Rule 79-5. By **September 3, 2024,** Plaintiff must file for the Court's consideration an Administrative Motion to Seal that complies with Civil Local Rule 79-5 with regard to any portion of Dkts. 110, 111, 112, and 113 that he seeks to have sealed. The Court calls to Plaintiff's attention the following guidance from Civil Local Rule 79-5(a): "A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." The Court also alerts Plaintiff that it will order the unsealing of any future filings that are made under seal without complying with Civil Local Rule 79-5.

1   All Parties are advised that contact with the Courtroom Deputy is to be limited to purely
2   administrative matters, such as scheduling and general case management.  **Opposing counsel**
3   **must be copied on all such communications**.  The Parties are not to communicate with the
4   Courtroom Deputy regarding substantive or procedural issues.

5   **SO ORDERED.**

6   Dated: August 22, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge